884 S.W.2d 262 (1994)
318 Ark. 177
Richard E. HABERMAN, Appellant,
v.
John LISLE and Lisle Law Firm, P.C., and City of Fayetteville, Arkansas, Appellees.
No. 93-1363.
Supreme Court of Arkansas.
October 3, 1994.[*]
CORBIN, Justice.
Appellees, John Lisle and the Lisle Law Firm, P.C., (Lisle) have moved to dismiss appellant's appeal of a class action settlement order approving attorney's fees and costs. As appellant, Richard E. Haberman, lacks standing to pursue this appeal, we grant Lisle's motion to dismiss appellant's appeal.
This case originated with a class action suit by payers of a sales tax collected by the City of Fayetteville (City). The class, as certified by the chancery court, sued the City, Arvest Trust Company, N.A., and Fayetteville School District No. 1. The result of that case was appealed to this court, and we reversed and remanded determining that the sales tax was an illegal exaction. Hasha v. City of Fayetteville, 311 Ark. 460, 845 S.W.2d 500 (1993). Subsequent to our decision, the parties entered into a settlement agreement which was approved on May 12, 1993, by the Washington County chancellor after public notice and a hearing.
The settlement order stated that Lisle's attorney's fees and expenses for representing *263 the class would be paid by the City out of the City's general fund, with the amount to be determined after a petition for fees and a hearing. All plaintiffs and defendants agreed not to appeal the settlement order or the subsequent award of attorney's fees and costs. No notice of appeal was filed after the entry of the final order and judgment on May 12, 1993, which approved the settlement and set forth the procedure for approval of attorney's fees. All notice requirements of Rule 23 of Arkansas Rules of Civil Procedure were complied with in this case. A fee application petition was filed and a hearing was set on October 12, 1993. Haberman did not appear at this hearing. The chancellor placed into evidence a letter he had received from Haberman dated April 28, 1993, objecting to a percentage fee and urging an hourly rate fee to be paid to Lisle. The chancellor subsequently entered an order on October 21, 1993, approving a percentage fee. Haberman filed an appeal to the fee order and motion to supersede the judgment on October 29, 1993. The City, as part of the settlement order, paid the attorney's fees in full by February 1994.
Haberman, as a citizen of the City during the time in which the illegal tax was collected, appealed the approval of attorney's fees and costs. Haberman, now a former citizen of Fayetteville, argues he was harmed by the loss in general funds as those funds could be used for capital improvements to the benefit of taxpayers. Lisle, designated as an appellee by Haberman, moves to dismiss this appeal for the following reasons:
(a) improperness of an appeal of a settlement, or in the alternative, untimeliness of appeal;
(b) failure to designate necessary parties as appellees, specifically the City, Arvest Trust Company, and Fayetteville School District No. 1 which were parties to the settlement;
(c) lack of standing to bring the appeal since appellant is not a member of the class in the case below nor is he a sales tax payer of the City of Fayetteville; he bases standing on his citizenship of Fayetteville;
(d) lack of standing to bring the appeal since Haberman represents interests adverse to the class as he and his attorney are technically defendants in the case as former employees of the City;
(e) mootness in that the attorney was paid in full as of February 1, 1994, by the City under the settlement, and Haberman did not post a supersedeas bond; and
(f) inappropriateness of appeal as it is only being pursued for the purpose of delay.
We need not address all of Lisle's arguments since we grant his motion to dismiss on the basis that Haberman lacks standing to appeal. The basis of this decision lies in the reasoning of Croyden Assoc. v. Alleco, Inc., 969 F.2d 675 (8th Cir.1992), which dismissed an unnamed class member's appeal of the settlement entered into by the named class members. No other class members objected to the proposed settlement. The appellant there failed to intervene in the class action and thus could not appeal from the district court's approval of the class action settlement, even though it submitted written objections to the fairness of the settlement, appeared at the hearing, and made oral objections to the proposed settlement.
We are cognizant of the fact that there is a split of authority among the circuits on this issue, but we follow the Eighth Circuit and its recent ruling. Haberman urges this court to follow the Seventh Circuit's view as espoused in Patterson v. Stovall, 528 F.2d 108 (7th Cir.1976), which allowed less than one percent of the class to appeal the settlement, but we find the reasoning in Croyden more sound. Thus, Haberman cannot pursue the appeal.
We point out, though, that an unsatisfied class member is not without alternatives. An unsatisfied class member's options are to move to intervene as of right, collaterally attack the settlement approval by filing a separate suit challenging the adequacy of the class representation, or he may opt out. See Croyden, 969 F.2d 675, 678. The rationale of the class action is to render manageable litigation involving numerous class members who would otherwise all have access to court via individual lawsuits. As was emphasized in Croyden, if each dissatisfied class member *264 could appeal individually, litigation would be uncontrollable, and the purpose of class actions would be defeated.
Haberman asserts alternatively that he does not pursue this action as a representative of the class but as an individual citizen of the City of Fayetteville, but this, too, would preclude appeal. Those facts would necessitate a separate action with different parties to the lawsuit. This is explained in the Supreme Court case of Marino v. Ortiz, 484 U.S. 301, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988), wherein petitioners appealed the settlement of a class action. Since they were not parties to the original litigation, and since they did not intervene for purposes of appeal, the Supreme Court dismissed their appeal. Under Croyden and Marino, both non-parties and unnamed members of class actions will be precluded from appealing a class action settlement.
Lastly, we note the words of the court in Croyden:
We believe it is particularly appropriate to require intervention as a condition for appeal when a class member's challenge to the adequacy of a settlement is contrary to the view of all the other class members. This is such a case. We also believe that by requiring intervention as a condition of an appeal, the effect is to channel into one line of litigation all issues of the class action settlement. This will avoid the bifurcation that would result from dismissal of the appeal on a standing basis, followed by an independent action by the challenging class member.
Id., 969 F.2d at 680. Under either case rationale, we are compelled to grant Lisle's motion to dismiss Haberman's appeal.
DUDLEY, HAYS, and BROWN, JJ., dissent.
NOTES
[*] Original opinion delivered July 18, 1994.