Teresa BALLARD, *et al. v.* ADVANCE AMERICA,
Cash Advance Centers of Arkansas, Inc.,
and Phyllis Garrett

01-1190                                        79 S.W.3d 835

Supreme Court of Arkansas
Opinion delivered July 5, 2002

[Petition for rehearing denied September 5, 2002.*]

---

*   GLAZE, J., not participating.

*The Nixon Law Firm*, by: *David G. Nixon* and *Paige E. Young*, for appellants.

*Bownam & Brooke LLP*, by: *Robert M. Buell* and *Charles K. Seyfarth*, and *Wright, Lindsey & Jennings, LLP*, by: *Claire Shows Hancock*, for appellees Advance America and Cash Advance Centers of Ark., Inc.

*Morgan & Turner*, by: *Todd Turner*, for appellee Phyllis Garrett.

W H. "DUB" ARNOLD, Chief Justice. This appeal arises from an order of the Clark County Circuit Court approving a settlement of all possible claims against appellee Advance America, Cash Advance Centers of Arkansas, Inc., and all of its officers, shareholders, and sureties for cash in the amount of $750,000 and forgiveness of approximately $550,000 in checks it held that had been returned unpaid due to insufficient funds.

The case began as a class action usury suit that was filed by appellee, Phyllis Garrett, against appellee, Advance America Cash Advance Centers of Arkansas, Inc., on October 12, 1999. On April 9, 2001, a conditional settlement class was certified, and on May 2, 2001, a proposed settlement agreement was preliminarily approved, and notice was given to class members. This notice informed the members that a fairness hearing would be held on July 18, 2001, and that potential class members were given until June 30, 2001, to opt out of the class.

Appellants, Teresa Ballard, Cheryl King, and Kenisha Bryant, filed a motion seeking to intervene in the action on July 6, 2001. On July 16, 2001, a hearing was held on appellants' motion. On July 18, 2001, the trial court found that appellants' motion to intervene was untimely, that appellants' interest was adequately represented, and the trial court denied the motion to intervene.

On July 18, 2001, the previously scheduled fairness hearing was held. Following the fairness hearing, the settlement was approved and appellants' appealed from the trial court's denial of their motion to intervene. This court affirmed the trial court in *Ballard v. Garrett*, 349 Ark. 371, 78 S.W.3d 73 (2002).

In that case, this court upheld the trial court's order that appellants' motion to intervene was filed after the litigation had progressed too far, and held that there was no abuse of discretion by the trial court. *Id.* We stated that appellants sat on their rights and waited until they were not satisfied with the way the litigation was progressing. *Id.* We concluded that the trial court did not abuse its discretion when it determined that the proceedings had advanced so far that appellants' motion to intervene was not

timely. *Id.* Further, we found that allowing the intervention would have delayed the entry of the proposed settlement and would have delayed the class members' ability to collect their compensation. *Id.* Finally, in that case, we concluded that appellants did not have a valid reason for delaying the filing of their motion to intervene until fifteen months after the litigation had begun or two months after a proposed settlement had been reached. *Id.* Accordingly, we held that the trial court did not err in denying appellants' motion.

Therefore, in *Ballard v. Garrett*, we held that the trial court did not abuse its discretion when it found that appellants' motion to intervene was untimely. This court stated the trial court did not abuse its discretion because (1) appellants waited until the litigation had progressed too far before they filed their motion to intervene; (2) the granting of appellants' untimely motion would have caused the other parties to the litigation to suffer prejudice; and (3)appellants failed to provide a valid reason for their delay in filing their motion to intervene. While *Ballard v. Garrett* was pending before this court, Teresa Ballard, Cheryl King, and Kenisha Bryant filed another appeal with this court, also from Clark County Circuit Court. In this appeal, appellant raised four points: (1) the trial court abused its discretion in finding that the settlement agreement was fair, reasonable, and adequate; (2) the trial court abused its discretion in naming Garrett as class representative and naming her attorneys as class counsel; (3) the trial court erred in admitting and excluding certain evidence; and (4) the trial court erred in quashing the appellants' subpoena on Advance America, denying them the right to cross-examine witnesses and refusing to allow them to review and argue from a plaintiff's sealed exhibit.

However, because we found that appellants did not timely intervene, appellants do not have standing to bring this appeal. In *Devlin v. Scardelletti et al.*, WL 1270617 (June 10, 2002), the United States Supreme Court determined that unnamed class members, who have objected in a timely manner to approval of a class action settlement at the fairness hearing, have the power to bring an appeal without first intervening, abrogating the lack of standing issue. However, *Devlin* involves facts and

issues that are distinguishable from those presented by this appeal. Specifically, *Devlin* addresses a question of law and procedure arising under the Federal Rules of Civil Procedure, and not under Arkansas law. Arkansas Rule of Civil Procedure 23(b) differs from that of Rule 23(b) of the Federal Rules of Civil Procedure. In addition, the petitioner in *Devlin* did not have the ability to opt out of the settlement. Here, appellants had the ability to opt out and instead elected to object to the settlement and risk being bound by it, if approved by the court over their objections.

■ Accordingly, the *Devlin* opinion is distinguishable from this case on appeal, and this court's opinion in *Haberman v. Lisle*, 317 Ark. 600, 884 S.W.2d 262 (1994), continues to be the controlling precedent in Arkansas. In *Haberman*, this court found that for unnamed class members to have standing to appeal a class-action settlement in state court, those class members must have intervened at the trial court level. *Haberman, supra.* Non-parties and unnamed members of the class who have failed to intervene are precluded from appealing a class settlement. *Haberman, supra.*

Throughout this litigation, appellants have conceded that *Haberman* is the applicable and controlling law. At a hearing before the circuit court on September 5, 2001, counsel for appellants stated "[t]he Haberman decision from the Arkansas Supreme Court makes it very clear that in order for a party to appeal a settlement agreement, they must be an intervenor. That is the law." Appellants have now changed their position and suggest that *Devlin* gives them the ability to appeal the settlement approval in this case without first intervening. We disagree and continue to follow *Haberman*.

■ Unlike the petitioner in *Devlin*, appellants here had the ability to opt out of the settlement and avoid being bound by it. Indeed, appellants were ideally positioned to opt out of the settlement because they already had an action pending against Advance America in federal court for the same relief as sought by the class representative in this litigation. By attempting to intervene at the last minute, rather than opting out of a settlement to which they objected, appellants willingly undertook the risk that their motion to intervene might be denied for failure to meet the requirements

of Rule 24(a) of the Arkansas Rules of Civil Procedure, and that they would then be bound by the settlement as approved by the circuit court. Appellants' strategic election not to opt out of the settlement has left them without standing to pursue this appeal. Therefore, by following *Haberman*, appellants have no standing; thus the appeal is dismissed.

Appeal dismissed.

GLAZE, J., not participating.