# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1264

_____

| | | |
|---|---|---|
| In re: General American Life Insurance | * | |
| Company Sales Practices Litigation | * | |
| _____ | | |
| | | |
| Lewis & Ellis, Inc.; Karen Shapiro, | * | |
| | * | |
| Movants, | * | |
| | * | |
| James Henderson, | * | |
| | * | |
| Appellant, | * | On Remand from the |
| | * | United States Supreme Court. |
| William P. Ludwig; Jeffrey L. Sippil; | * | |
| Darrell D. Cunningham; | * | |
| John R. D'Alessandro; Bobby L. Chain; | * | [TO BE PUBLISHED] |
| Howard L. Zimmon, Trustee, | * | |
| Howard M. Newburg Trust | * | |
| U.T.A. 5/21/92, Individually and | * | |
| on Behalf of All Others Similarly | * | |
| Situated and representative capacities, | * | |
| | * | |
| Appellees, | * | |
| | * | |
| v. | * | |
| | * | |
| General American Life | * | |
| Insurance Company, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: August 19, 2002
Filed:    September 5, 2002
_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.
_____

BYE, Circuit Judge.

This class action concerns more than 240,000 current and former policyholders who claim General American Life Insurance Company (GALIC) committed fraud and made material misrepresentations in the course of selling certain life insurance policies. GALIC agreed to settle the case by paying class members at least $55 million in the form of additional policy benefits.

Several unnamed class members, including appellant James Henderson, objected to the settlement terms. The settlement offered class members the option of receiving a lump-sum payment or participating in a claims processing system. Class members who chose the claims processing system would have their claims evaluated to identify the extent of their losses and proof of GALIC wrongdoing. Evaluators scored the claims from "three," which merited the greatest relief, to "zero," which provided no compensation from the settlement fund in the event class members presented frivolous claims. Henderson objected to the inclusion of a zero score because he thought it unfair not to compensate every class member in some form.

Henderson moved to intervene in the district court[1] and pressed the scoring objection as a reason for rejecting the proposed settlement. The district court

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

-2-

overruled Henderson's objection, denied his motion to intervene in the action, and formally approved the parties' settlement in August 2000. Henderson was the only objecting class member to appeal from the district court's ruling that the settlement fairly rewarded the class. We dismissed his appeal on jurisdictional grounds because he was not a party and he failed to acquire the status of a party by successfully intervening in the district court. In re Gen. Am. Life Ins. Co. Sales Practices Litig., 268 F.3d 627, 631-33 (8th Cir. 2001). The Supreme Court subsequently granted Henderson's petition for writ of certiorari, Henderson v. Gen. Am. Life Ins. Co., 122 S. Ct. 2584 (2002), vacated our judgment, and remanded the case for further consideration in light of Devlin v. Scardelletti, 122 S. Ct. 2005 (2002).

Devlin concerned the appellate rights of an unnamed class member who challenged the fairness of a settlement in a mandatory class action, see Fed. R. Civ. P. 23(b)(1). The Fourth Circuit had dismissed the unnamed class member's appeal because he did not intervene in the class action and thus was not a party who could appeal the district court's approval of a settlement. But the Supreme Court reversed, holding that unnamed class members "who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening." Id. at 2013. Devlin drew its strength from the mandatory character of the class action: "Particularly in light of the fact that petitioner had no ability to opt out of the settlement, appealing the approval of the settlement is petitioner's only means of protecting himself from being bound by a disposition of his rights he finds unacceptable and that a reviewing court might find legally inadequate." Id. at 2011 (internal citation omitted).

Because the Court relied upon the mandatory character of the class action, we question whether Devlin's holding applies to opt-out class actions certified under Rule 23(b)(3). At least one court has already drawn this distinction as a basis for limiting Devlin's application to mandatory class actions. Ballard v. Advance America, ___ S.W.3d ___, 2002 WL 1453665, at *2 (Ark. July 5, 2002). Following

this approach would lead us to the same conclusion we ventured in the first appeal because members of the GALIC class action were permitted to opt out of the class settlement. Though we believe the limited reading of <u>Devlin</u> has considerable merit, we need not finally resolve the debate because, as it happens, Henderson's case has become moot in the months since our first decision.

Class counsel has introduced an affidavit from Christopher Seeger, the Claim Evaluator who administered the claims processing system that disbursed settlement proceeds to thousands of class members. (Henderson has not contested the accuracy or veracity of this affidavit.) Seeger avers that by August 15, 2002, the claims processing system had scored the claims of all class members who declined lump-sum payments and not one class member received a zero score. These facts undercut the basis for Henderson's appeal. The appeal challenges the fairness of the class settlement because it authorized zero scores. Because no zero scores were awarded, Henderson's objection to the settlement is effectively moot. <u>See</u> <u>Church of Scientology v. United States</u>, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed.") (internal quotation omitted). We therefore dismiss Henderson's appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.