[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2004
THOMAS K. KAHN
CLERK

No. 02-16179

_____

D. C. Docket No. 00-01404 CV-C-S

AAL HIGH YIELD BOND FUND
a series of Delaware Group Income Funds &
formerly a series of Delaware Group
Income Funds, Inc., on behalf
of themselves individually &
all others similarly situated,
DELAWARE DELCHESTER FUND,
a series of Delaware Group
Income Funds & formerly a
series of Delaware Group
Income Funds, Inc., on behalf
of themselves individually &
all others similarly situated,

Plaintiffs-Appellees,

versus

DELOITTE & TOUCHE LLP,
BANK OF AMERICA SECURITIES LLC,
f.k.a. Nationsbanc Montgomery Securities LLC,

Defendants-Appellants,

ATLANTIC EQUITY CORPORATION,
BLUE RIDGE INVESTMENTS LLC,

Interested Parties-Appellants.

No. 02-16181

D. C. Docket No. 00-01404 CV-C-S

AAL HIGH YIELD BOND FUND
a series of Delaware Group Income Funds &
formerly a series of Delaware Group
Income Funds, Inc., on behalf
of themselves individually &
all others similarly situated,
DELAWARE DELCHESTER FUND,
a series of Delaware Group
Income Funds & formerly a
series of Delaware Group
Income Funds, Inc., on behalf
of themselves individually &
all others similarly situated,

Plaintiffs-Appellees,

versus

BANC OF AMERICA SECURITIES LLC,
f.k.a. Nationsbanc Montgomery Securities LLC,

Defendant-Appellant,

ATLANTIC EQUITY CORPORATION,
BLUE RIDGE INVESTMENTS LLC,

Interested Parties-Appellants.

Appeals from the United States District Court
for the Northern District of Alabama

**(March 2, 2004)**

Before ANDERSON and FAY, Circuit Judges, and NANGLE[*], District Judge.

ANDERSON, Circuit Judge:

This appeal arises in the context of class action securities litigation,

settlements, and bar orders.

FACTS AND PROCEDURAL BACKGROUND

Just for Feet ("JFF"), a shoe retailer, sold $200 million in corporate notes

(the "Notes") on April 12, 1999. JFF had recently borrowed $280 million, and the

offering was intended to reduce that debt. Soon, however, JFF began reporting

very poor financial news. On November 4, 1999, it filed for bankruptcy

protection.

Two purchasers of the Notes, AAL High Yield Bond Fund and Delaware

Delchester ("Plaintiffs" or "Plaintiffs-Appellees"), filed a class action suit against

_____

[*]Honorable John F. Nangle, United States District Judge for the Eastern District of
Missouri, sitting by designation.

Haines and Ruttenberg, officers of JFF (the "Officers"); Banc of America Securities, the underwriter of the Note offering ("BAS"); and Deloitte & Touche, JFF's independent outside auditor ("Deloitte").[1]  Plaintiffs declined to name JFF as a defendant because it had filed for bankruptcy protection.  Plaintiffs alleged four violations of federal securities law and one violation of Alabama law.[2]

Plaintiffs and the Officers agreed to settle on May 10, 2002.[3]  The district court preliminarily approved the settlement, and after hearing and overruling the objections to the settlement discussed immediately below, it entered an order certifying the class and  approving the settlement.

Blue Ridge Investments, Atlantic Equity Corp. (collectively, the "Objectors"), and defendant BAS objected to the proposed settlement, arguing they should have been included in the plaintiff class.  Each had purchased Notes, albeit not in the initial Note offering, and collectively possess 64% of the total Notes.  Plaintiffs-Appellees allege that BAS and the Objectors only purchased

---

[1]      Plaintiffs originally sued BAS and three JFF officers, Haines, Rockey, and Ruttenberg.  Rockey and Haines successfully moved to dismiss.  Plaintiffs then amended their complaint to plead more specific facts against Haines and to add Deloitte.

[2]      The events also precipitated criminal investigations which have resulted in at least one plea of guilt to securities fraud and wire fraud.

[3]      Defendant BAS has declined to settle.  Although Deloitte entered into a separate, different settlement agreement with plaintiffs, it preserved its right to appeal the bar order in the settlement between plaintiffs and the JFF defendants.

Notes as part of a mitigation effort when JFF began to falter. BAS and the Objectors have the same corporate parent, Bank of America Corporation and, again, BAS underwrote the Note offering.

The district court excluded from the class "any underwriter who participated in the JFF Notes offering" and "divisions, affiliates, and subsidiaries of JFF, defendant Deloitte & Touche LLP ("Deloitte"), defendant Banc of America Securities[.]" Thus, BAS was excluded from the plaintiff class by name and as an underwriter of the Notes offering. The Objectors were excluded because they are affiliates of BAS.

This case contains some curious wrinkles. Despite having underwritten the ill-fated Note offering and being a defendant in this litigation, BAS argued to the district court that it should have been included in the plaintiff class because it was a purchaser of Notes. It has declined to renew that argument on appeal, and the argument is deemed abandoned as to BAS. The Objectors, in contrast, persist on appeal in attempting to join the plaintiff class despite being affiliates of defendant BAS, sharing counsel with BAS, and referring to themselves and BAS as a single entity at least once in court submissions. The Objectors argue that the district court overruled their objections to the class settlement on clearly erroneous grounds because it believed they were subsidiaries of defendant BAS when, in

5

fact, the Objectors and BAS are all subsidiaries of a fourth corporation, Bank of America.

Additionally, BAS and Deloitte appeal a provision in the Final Judgment and Order of Dismissal with Prejudice approving the Officers settlement which bars all present and future claims by Deloitte and BAS against the Officers and others.

ISSUES

This appeal presents two issues: (1) the Objectors present the issue of whether the Objectors, who were excluded from the class before certification and settlement, may appeal the denial of their objections to the certification and settlement without first moving to intervene in the action, and (2) BAS and Deloitte present the issue of whether the bar order in the settlement agreement is impermissibly broad.

We hold that the Objectors, non-intervening nonparties, are not permitted to appeal, and we vacate and remand the bar order.

DISCUSSION

A.  Are the Objectors "Parties" for the Purposes of This Appeal?

6

Plaintiffs-Appellees argue that the Objectors may not appeal the settlement because they are not class members and have not moved to intervene. We agree. Because the Objectors are not a party to this action and have not moved to intervene, we cannot not hear their appeal.

"The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." Marino v. Ortiz, 484 U.S. 301, 304, 108 S. Ct. 586, 587-88 (1988). The Objectors here are not parties. Thus, they could only appeal the denial of their objections to the class settlement if they had intervened in the action.[4] The Objectors argue that the Supreme Court's recent decision in Devlin v. Scardaletti, 536 U.S. 1, 122 S. Ct. 2005 (2002), requires a different result. We disagree.

Devlin held that nonnamed members of class actions who have timely objected to a class settlement may appeal the denial of their objections without first moving to intervene. Id. at 14, 122 S. Ct. at 2013. The Supreme Court

---

[4] If a nonparty's motion to intervene is denied, this Court will entertain an appeal of that denial even though it is not considered an appealable final order. This Court has an "anomalous rule" permitting provisional jurisdiction "to determine whether the district court's denial of intervention was proper. If the district court was correct in denying the motion to intervene, this court's jurisdiction evaporates and we must dismiss the appeal for want of jurisdiction. If the district court erred, we retain jurisdiction and must reverse." FTC v. American Legal Distributors, Inc., 890 F.2d 363, 364 (1989).

framed the issue not as a jurisdictional question,[5] but rather as a matter of determining whether the non-named class member qualified as a "party" for purposes of Fed. R. App. P. 3(c).  Id. (citing Marino, 484 U.S. at 304, 108 S. Ct. at 587-88).  Nonnamed class members who timely object to binding settlements qualify as "parties," the Court held, primarily because they are bound by the judgments they seek to challenge:

> What is most important to this case is that nonnamed class members are parties to the proceedings in the sense of being bound by the settlement.  . . . Particularly in light of the fact that petitioner had no ability to opt out of the settlement, appealing the approval of the settlement is petitioner's only means of protecting himself from being bound by a disposition of his rights he finds unacceptable and that a reviewing court might find legally inadequate.

Id. at 10-11, 122 S. Ct. at 2011 (citation omitted); see also id. at 9, 122 S. Ct. at 2010 ("The District Court's approval of the settlement -- which binds petitioner as a member of the class -- amounted to a 'final decision of [petitioner's] right or claim' sufficient to trigger his right to appeal.").

The Objectors first argue that Devlin permits their appeal because they could have or should have been included in the plaintiff class.[6]  The argument

---

[5]     The Court held that the objector's status as a class member satisfied the Article III "case or controversy" requirement and satisfied prudential standing concerns.  Id. at 6-7, 122 S. Ct. at 2009.

[6]     They claim that they fit the class definition until it was redrafted to exclude them at the time of class certification and settlement.

misses the point of <u>Devlin</u>, which was to allow appeals by parties who are actually bound by a judgment, not parties who merely <u>could</u> have been bound by the judgment.[7]  <u>Id.</u> at 9, 10-11, 122 S. Ct. 2010, 2011.  Parties who are not class members are not bound at all.

Second, the Objectors argue that they are <u>effectively</u> bound by the judgment because it leaves the defendant Officers judgment-proof.  That, the Objectors argue, renders their own claims futile.  For support, the Objectors cite <u>Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara</u>, 313 F.3d 70 (2nd Cir. 2002), and <u>Plain v. Murphy Family Farms</u>, 296 F.3d 975 (10th Cir. 2002).

Neither case helps the Objectors because each considered very different facts.  In <u>Karaha Bodas</u>, the Republic of Indonesia was permitted to appeal a judgment that allowed someone to execute against property that the Republic of Indonesia alleged it owned.  313 F.3d at 81-82.  In <u>Plain</u>, a decedent's heirs were permitted to appeal the division of damages from the wrongful death action

---

    [7]     This feature of <u>Devlin</u> has led at least one court to believe that it applies only to mandatory class actions.  <u>See</u> <u>Ballard v. Advance Am.</u>, 349 Ark. 545, 548-49 (2002) ("[T]he petitioner in <u>Devlin</u> did not have the ability to opt out of the settlement.  Here, appellants had the ability to opt out and instead elected to object to the settlement and risk being bound by it, if approved by the court over their objections.").  <u>See also</u> <u>In re Gen. Am. Life Ins. Co. Sales Practices Litig.</u>, 302 F.3d 799, 800 (8th Cir. 2002) (expressing tentative approval of <u>Ballard</u> in <u>dicta</u>).  Because this case does not present that question, we express no opinion on it.

resulting from decedent's death, in which the decedent's estate representative litigated on behalf of the heirs as well as herself. 296 F.3d at 977-80.[8] In each case, a nonnamed party appealed a binding judgment disposing of property to which the nonnamed party had a putative legal right. It is perhaps no accident that in each case the nonnamed party likely met the requirements for intervention as of right under Fed. R. Civ. P. 24(a).[9] The Supreme Court hinted in Devlin that those instances may be precisely where the appellate courts should consider allowing nonnamed parties to appeal. See 536 U.S. at 12-13, 122 S. Ct. at 2011-12 (noting that it is "difficult to see the value" of requiring nonnamed objecting class members to intervene because they would easily meet the requirements of Fed. R. Civ. P. 24(a) anyway).[10] No such circumstances exist here. The Objectors do not

---

[8] Under Oklahoma law, only the representative of a decedent's estate may prosecute a wrongful death action, id. at 978 & n.2 (citing 12 Okla. Stat. § 1053(A)), but the decedent's heirs are entitled to part of the recovery, id. at 979-80 (citing 12 Okla Stat. § 1053(B)). Therefore, the estate representative in Plain prosecuted the estate's claim in part for the benefit of the heirs, who were prohibited from bringing any claims of their own. This gave the heirs "a unique interest (not unlike unnamed members of a class) under Oklahoma law in the distribution of the wrongful death damage award." Id. at 979 (parenthetical text in original).

[9] The district court in Plain apparently would have permitted the heirs to intervene as of right were it not for the Oklahoma statute that expressly precluded them from bringing a wrongful death action. 296 F.3d at 978.

[10] Another instance in which a nonparty may be sufficiently bound by a judgment to qualify as a party for purposes of appeal is when the nonparty is purportedly bound by an injunction. See, e.g., United States v. Kirschenbaum, 156 F.3d 784, 794 (7th Cir. 1998); Hilao v. Estate of Marcos (In re Estate of Marcos Human Rights Litigation), 94 F.3d 539, 544 (9th Cir. 1996); In re Piper Funds, Inc., 71 F.3d 298, 301 (8th Cir. 1995) ("A nonparty normally has standing to appeal when it is adversely affected by an injunction.").

10

seek to protect their own property, their allotment from an award or settlement, or any other cognizable legal right or interest. They are simply potential plaintiffs who have yet to litigate any claims. Cf. Brennan v. N.Y. City Bd. of Educ., 260 F.3d 123, 129 (2nd Cir. 2001) (stating that to intervene as of right under Fed. R. Civ. P. 24(a)(2), a nonparty must have a "direct," "substantial," and "legally protectable" interest in the action rather than a merely speculative or contingent interest).

Because the Objectors would not qualify as parties even under the most permissive possible reading of Devlin, we decline to determine whether and when Devlin may apply outside of the mandatory class action context or to pass judgment on Karaha Bodas and Plain. There is no reason to permit the Objectors to disturb a legal judgment merely because they have outstanding claims they may wish to pursue, and they fear the instant judgment may leave the defendant judgment-proof.[11] We need not determine the precise breadth of Devlin to see that the Objectors clearly stretch it too far.

The Objectors are not a party to this action and therefore cannot appeal it

---

[11] This analysis remains the same even if the Objectors' putative claims arise out of the same events that precipitated the litigation they seek to disrupt. Such commonality would only suggest that the Objectors may have been successful had they moved for permissive intervention under Fed. R. Civ. P. 24(b).

11

under Fed. R. App. P. 3(c).  If they had moved to intervene unsuccessfully, we would have entertained an appeal of the denial of intervention.  They have not done so.  Therefore, we dismiss their appeal.

B.  The Bar Order

We turn now to the  challenge of BAS and Deloitte to a provision in the Final Judgment and Order of Dismissal with Prejudice (herein referred to as the "bar order") that bars all related present and future claims by Deloitte and non-settling defendant BAS against the Officers, and also bars any such claims against other officers and agents of JFF who are not parties to the instant case.  Deloitte and BAS argue that the bar order impermissibly extends beyond the scope of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(f)(7)(A) (herein referred to as the "PSLRA"), by precluding, without a proper "settlement credit," claims for contribution in other pending cases and claims that are truly independent of the settled claims – in both instances precluding claims other than those where the damages are calculated based on the non-settling defendants' liability to these plaintiffs in this suit.  See, e.g., Gerber v. MTC Elec. Techs. Co., Ltd., 329 F.3d 297, 306 (2nd Cir. 2003).  Deloitte and BAS argue that there is no justification, wholly aside from any limitation inherent in the PSLRA, for barring contribution claims by Deloitte and BAS against the Officers that may arise out of

12

causes of action brought by plaintiffs other than the plaintiffs in the settled action, or for barring truly independent claims (e.g. claims which are not based on the claimants' liability to the instant plaintiffs or claims based on damages completely separate from the instant damages) that Deloitte and BAS may have against the Officers. They also argue that there is no justification for barring claims they may have against other officers and agents of JFF who are not parties here.

Appellees argue in brief that our decision in In re U. S. Oil & Gas Litigation, 967 F.2d 489 (11th Cir. 1992), is controlling in this case. In support of that argument, they now cite as supplemental authority the district court opinion in State of Wisconsin Investment Board v. Ruttenberg, No. CV-99-BE-3097-S (N.D. Ala. Jan. 30, 2004). Because that opinion treated our decision in U. S. Oil & Gas as controlling in that case, and because we do not consider U. S. Oil & Gas controlling in the instant case, we do not find the Northern District of Alabama case to be persuasive. Although the language of the bar order involved in U. S. Oil & Gas was broad, as it is here, the holding of our decision was much more narrow. In that case, we addressed "the merits of Pinnacle's specific challenge." Id. at 495. We held that the bar order properly barred Pinnacle's cross-claim. However, Pinnacle's cross-claim was "an attempt to seek indemnity from A & A for the federal securities law violations alleged against Pinnacle in the complaints"

13

in that very case, <u>i.e.</u>, for Pinnacle's liability to those same plaintiffs. <u>Id.</u> With

respect to Pinnacle's "allegedly independent causes of action for fraud and

negligence," we held that "[t]hese claims were not, in fact, independent of

Pinnacle's or A & A's liability to the plaintiffs." <u>Id.</u> at 495-96. Rather, we noted

that "Pinnacle stated in its cross-claim that it 'seeks damages against A & A and

Riley to the extent that it is liable to any of the plaintiffs herein.'" <u>Id.</u> at 496. The

opinion expressly declined to address the issue of "truly independent claims." <u>Id.</u>

at 496 n.5. Thus, we reject the argument that <u>U. S. Oil & Gas</u> controls this case.[12]

Indeed, we have found no controlling authority.

In this case, the bar order is exceedingly broad, and the district court made

no findings of fact, and expressed no rationale or authority for barring claims

without a settlement credit or "set off," or for barring claims that arise from causes

of action brought by plaintiffs other than the instant plaintiffs or truly independent

claims. In view of the absence of controlling authority, and the absence of

findings of fact detailing the relevant circumstances surrounding the issue in this

case, and in the absence of any articulation of the district court justifying the bar

order, our review is significantly handicapped; we cannot ascertain whether

---

[12] No findings of fact in this case suggest that the facts of this case parallel the facts crucial to the holding in <u>U.S. Oil & Gas</u>, so as to bring this case within that holding.

14

sufficient justification exists for the bar order entered in this case. We prefer to assess the justification issue in the first instance on the basis of concrete facts found by the district court, and with the assistance of the district court's full consideration and discussion of all of the relevant facts of the instant case and a full discussion of the relevant persuasive authorities and the underlying reasons and policies justifying whatever order the district court ultimately approves. Thus, we vacate[13] the bar order and remand[14] the matter to the district court for

---

[13]    Even if we decided in appellees' favor that the PSLRA does not mandate that its required bar order is the exclusive one authorized, we would have to remand in any event for the reasons set out above in this paragraph. Because remand is necessary anyway, we prefer that the district court address in the first instance whether the PSLRA mandates that the bar order that it requires is exclusive or whether the statute suggests caution with respect to broader bar orders. Thus, we decline to address that legal issue at this time.

[14]    On remand, the district court is directed to address, among other matters it might deem appropriate to address, the following: whether the PSLRA mandates that the bar order it requires is exclusive, or whether it suggests caution with respect to broader bar orders; and if the PSLRA is not exclusive (even if it is, the district court should address the alternative that it is not), the district court should address the persuasive authorities, and the underlying reasons and policies, for and against a broader bar order which would bar claims of BAS and Deloitte arising from liability to plaintiffs other than the instant plaintiffs or would bar truly independent claims; the district court should also address and make findings with respect to any particular fact or circumstance in this case relevant to the resolution and why that is so. In this regard, the district court should address, among other considerations that the district court or the parties deem relevant, considerations such as the following which the district court might find relevant;

•    whether or not there are in fact no viable claims which are being barred, and the facts, reasons and policies (as well as any relevant persuasive authorities) bearing upon which parties should bear any risk in this regard;

•    with respect to any bar of claims arising out of causes of action brought by plaintiffs other than the instant plaintiffs, and as to any bar of claims against defendants other than the JFF defendants in the instant case, whether or not there are one or more insurance carriers providing coverage for the JFF defendants in the instant case, and providing substantial

15

reconsideration and entry of an order that is reasonable, fair and equitable.

DISMISSED IN PART, VACATED IN PART, AND REMANDED.

---

funds toward this settlement, which still have exposure with respect to the claims sought to be barred (and if not, whether that simply eliminates any further interest such carriers might have in the district court's assessment); and

- after identifying the particular positions of the parties, the facts relied upon by each, and the reasonableness thereof, the district court should assess the reasonableness and fairness of the proposed settlement in light of the persuasive authorities and the underlying reasons and policies which the district court shall have identified.

16