905 So.2d 195 (2005)
Kevin BARNHILL, et al., Appellants,
v.
In re FLORIDA MICROSOFT ANTI-TRUST LITIGATION, Appellee.
Nos. 3D04-2051, 3D04-1590, 3D04-1986.
District Court of Appeal of Florida, Third District.
April 6, 2005.
Rehearing and Rehearing Denied July 13, 2005.
*196 James Cerveny (Gainesville); N. Albert Bacharach, Jr. (Gainesville), for appellants Kevin Barnhill, Ramona Torres, D. Wilson, William McWhorter, and Eugenia Fiala.
*197 John W. Davis (California); Steven Helfand (California), for appellants Mark Wuest and Brinley Russell.
Greenberg Traurig, Elliot H. Scherker, Hilarie Bass and Mark A. Salky; Sullivan & Cromwell, David B. Tulchin and Daryl A. Libow (New York); Montgomery, McCracken, Walker & Rhoads and Charles P. Casper (Pennsylvania); Richard J. Wallis (Washington); and Steven J. Aeschbacher (Washington), for appellee Microsoft Corporation.
Lightfoot, Franklin & White, Robin H. Hinkle and Jere F. White, Jr. (Alabama); Haggard, Parks, Haggard & Bologna and Robert L. Parks; Kaufman, Miller, Dickstein & Grunspan, Alan N. Grunspan and Niall T. McLachlan; Baldwin & Baldwin and Jack B. Baldwin (Texas); Hare, Wynn, Newell & Newton, James Joseph Thompson, Jr. and Bruce Jones McKee (Alabama); Kirby McInerney & Squire, Daniel Hume and Joanne M. Cicala (New York); Lieff, Cabrasher, Heimann & Bernstein and Michele C. Jackson (California); Lieff, Cabrasher, Heimann & Bernstein and David S. Stellings (New York), for appellees Shelby Hartman, et al.
Before GREEN, CORTIÑAS, and ROTHENBERG, JJ.
Rehearing and Rehearing En Banc Denied July 13, 2005.
ROTHENBERG, Judge.
Appellants, Kevin Barnhill, Ramona Torres, D. Wilson, William McWhorter, and Eugenia Fiala (the Barnhill Objectors), and Mark Wuest and Brinley Russell (the Wuest Objectors), appeal from a final judgment approving a settlement between Microsoft Corporation (Microsoft) and a class of indirect purchasers of Microsoft operating systems and software. The Barnhill Objectors also appeal an order denying their motion to intervene. We reverse the order denying the Barnhill Objectors' motion to intervene, but affirm the final judgment. As we conclude that the failure of the Wuest Objectors to intervene below precludes them from appealing the lower court's approval of the settlement, we hereby dismiss the appeal filed on behalf of the Wuest Objectors.
The plaintiffs, Shelby Hartman and others, brought a class action lawsuit against Microsoft, on behalf of class members who indirectly purchased Microsoft operating systems and software, alleging a cause of action under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). Microsoft and the plaintiffs reached a settlement, which the trial court preliminarily approved, subject to the right of any class member to challenge the fairness, reasonableness or adequacy of the settlement agreement. Both groups of Objectors filed timely objections and participated in a fairness hearing. After hearing the evidence, the court issued a written order approving the settlement, finding that it was fair, reasonable, and adequate. Subsequently, the Barnhill Objectors moved to intervene, and the trial court denied their motion. The trial court issued a final judgment, including an award of attorneys' fees, in an amount agreed upon by the parties.
The Objectors in this appeal claim that the release contained in the settlement agreement is too broad and that the application of a multiplier in awarding attorneys' fees is prohibited in FDUTPA cases.
A threshold issue is whether each group of Objectors has standing to appeal. The Barnhill Objectors moved to intervene below, but the Wuest Objectors did not. The appellees argue that the Wuest Objectors' failure to intervene deprives them of standing based on this court's decision in Ramos v. Philip Morris Cos., Inc., 714 So.2d 1146 (Fla. 3d DCA 1998), which holds that non-named class members must formally intervene in a class action in order *198 to obtain standing to appeal. The Wuest Objectors argue that they have standing to appeal, despite their failure to intervene, based on the United States Supreme Court's decision in Devlin v. Scardelletti, 536 U.S. 1, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002), which holds that objectors can appeal a class action settlement without intervening, under certain circumstances.
Although Devlin involved a federal class action, not a class action brought under Florida law, Florida courts often look to federal cases for guidance as persuasive authority on issues regarding class actions. See Johnson v. Plantation Gen. Hosp. Ltd. Partnership, 641 So.2d 58, 59 (Fla.1994); Toledo v. Hillsborough County Hosp. Auth., 747 So.2d 958, 960 n. 1 (Fla. 2d DCA 1999). Devlin involved a non-intervening objector to a class action settlement that did not allow class members to opt out of the settlement. The Fourth Circuit found that the objector could not appeal the approval of the settlement due to his failure to intervene. The United States Supreme Court granted certiorari in order to resolve a conflict among the federal circuits as to whether intervention is necessary for such an appeal. The Court ruled in the objector's favor, finding that he could appeal even though he did not intervene:
We hold that nonnamed class members like petitioner who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening.
536 U.S. at 14, 122 S.Ct. 2005. In reaching its conclusion, the Court emphasized that the class members in that case did not have the ability to opt out of the settlement:
What is most important to this case is that nonnamed class members are parties to the proceedings in the sense of being bound by the settlement.... Particularly in light of the fact that petitioner had no ability to opt out of the settlement... appealing the approval of the settlement is petitioner's only means of protecting himself from being bound by a disposition of his rights he finds unacceptable and that a reviewing court might find legally inadequate.
Id. at 10-11, 122 S.Ct. 2005.
Courts following Devlin are split on the issue of whether class members, who have the opportunity to opt out of a class action, must intervene in order to appeal the settlement. See AAL High Yield Bond Fund v. Deloitte & Touche LLP, 361 F.3d 1305, 1310 (11th Cir.2004)(expressing no opinion on Devlin's affect on class members who could opt out of a settlement, but stating that "the point of Devlin ... was to allow appeals by parties who are actually bound by a judgment, not parties who merely could have been bound by the judgment.")(emphasis in original); In re Gen. Am. Life Ins. Co. Sales Practices Litig., 302 F.3d 799 (8th Cir.2002)(questioning whether Devlin's holding applies to class actions which provide members the ability to opt out, and stating that a limited reading of Devlin has merit); Ballard v. Advance Am., 349 Ark. 545, 79 S.W.3d 835, 837 (2002)(distinguishing Devlin because its objectors did not have the opportunity to opt out of the settlement, and concluding that objectors who fail to intervene are precluded from appealing a class settlement); but see In re Integra Realty Resources, Inc., 354 F.3d 1246 (10th Cir.2004)(concluding that, even in an opt-out class settlement, an objector may appeal the approval of the settlement without intervening); Churchill Village v. General Elec., 361 F.3d 566 (9th Cir.2004)(rejecting the argument that objectors could not appeal *199 because they could opt out of the settlement).
Thus, there is no consensus on the scope of Devlin. We, however, agree with those courts which have found that the basis of the Devlin decision was that the objectors were bound by the terms of the settlement because they did not have the opportunity to opt out. The Court explained this was the "most important" factor in its decision. Devlin, 536 U.S. at 10-11, 122 S.Ct. 2005. In the instant case, the Wuest Objectors were not bound by the terms of the settlement because they had the opportunity to opt out. Accordingly, there is no reason to allow them to appeal without intervening. Since the Wuest Objectors did not move to intervene below, they are precluded from appealing the lower court's approval of the settlement.[1]
The Barnhill Objectors, however, did move to intervene, and the lower court denied their motion.[2] The standard of review of an order on a motion to intervene is abuse of discretion. See Hausmann ex rel. Doe v. L.M., 806 So.2d 511, 513 (Fla. 4th DCA 2001). A person is entitled to intervene when his interest in the matter in litigation is "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." Union Cent. Life Ins. Co. v. Carlisle, 593 So.2d 505 (Fla.1992)(quoting Morgareidge v. Howey, 75 Fla. 234, 78 So. 14, 15 (Fla. 1918)). Furthermore, in a case involving an objector to a class action settlement, "[l]eave to intervene should be freely granted for purposes of appeal provided that the objector is a class member and objected to the settlement in the trial court." Ramos, 714 So.2d at 1148. In the instant case, the Barnhill Objectors were class members who objected to the settlement, and they would be directly affected by the operation and effect of the judgment approving the settlement. As such, we find that the trial court abused its discretion in denying the motion to intervene. Accordingly, we reverse the trial court's order denying the Barnhill Objectors' motion to intervene, and we will consider the merits of the Barnhill Objectors' arguments on appeal.
Despite the argument to the contrary by the appellants, we conclude that the appropriate standard of review of a trial court's approval of a class action settlement is abuse of discretion. See Ramos v. Philip Morris Cos., Inc., 743 So.2d 24, 32 (Fla. 3d DCA 1999).
On November 24, 2003, the trial court conducted a fairness hearing which lasted more than ten hours. In preparation of the hearing, the issues and arguments were briefed and submitted to the trial court. Two expert witnesses, Professor Robert Lanzillotti and Professor Jeffery Miller, testified in support of the adequacy and fairness of the settlement. They were extensively cross-examined by the Barnhill Objectors. The trial court found that the settlement was fair, reasonable, and adequate.
We conclude that the trial court did not abuse its discretion, and therefore, we affirm the court's approval of the settlement. The appellants agree that this case involves complex legal claims and defenses, which have been contentiously litigated for four years. Continued litigation would be costly, time consuming, and recovery a risk. The vouchers available to class members will total approximately $202.8 *200 million. Half of the money allocated which is not redeemed by class members will be donated to Florida schools in the form of vouchers which may be used to purchase computer hardware, software, training, and support. Class members are free to use their vouchers to purchase hardware or software for computers running on any operating system as well as peripheral devices such as monitors and keyboards. Additionally, a class member may transfer vouchers up to $650.00. A transferee may redeem up to $10,000.00 in transferred vouchers.
The fairness of the settlement and the propriety of the release is confirmed by the fact that so few of the class members have objected to it and that courts in many areas of the country have approved releases containing nearly identical language.[3] In fact, out of the "several million" class members notified by mail, e-mail, and through publication in newspapers, only the seven class members who are the appellants herein, have objected to the release.
The appellants additionally object to the attorneys' fees agreed upon by the parties after protracted litigation and subsequently awarded by the trial court. The $15.5 million awarded represents a loadstar of $8.8 million, enhanced by a contingency risk multiplier of 1.77. The appellants do not challenge the loadstar of $8.8 million for compensation of the 20,000 hours of time spent, but do object to the multiplier being applied.
The only claim in this litigation alleges a violation of FDUTPA. As such, the appellants claim that the inclusion of the 1.77 multiplier was error as multipliers are prohibited in FDUTPA claims. See Corvette Shop & Supplies, Inc. v. Coggins, 779 So.2d 529, 531 (Fla. 2d DCA 2001)(holding that a contingency risk multiplier should not have been applied where the award of attorney's fees was based on the FDUTPA); Stewart Select Cars, Inc. v. Moore, 619 So.2d 1037, 1038 (Fla. 4th DCA 1993)(contingency risk multiplier is inappropriate when setting fees under the FDUTPA).
We conclude that the cases cited by the appellants do not apply to the instant case where the attorneys' fees issue was resolved by agreement of the parties. In both Stewart and Corvette, the fees were awarded after a jury verdict and judgment. We additionally conclude that the trial court's approval of the fees in this case was fair, reasonable, and just, wherein there is no claim of collusion; the fees initially sought by the class was $34 million; the issue of fees was not discussed until after a settlement had been reached on the claims contained in the complaint; the results obtained by the class members were substantial (more than $202 million); the class members were able to avoid the continuation of very difficult, costly, and contentious litigation; and the fees in no way diminished the amount of the benefits to the class. In determining that the fees awarded are fair, reasonable, and adequate, we note that the $15.5 million attorneys' fees award was proportionate to the $202 million benefit to the class.
As we have concluded that the trial court did not abuse its discretion in approving the settlement in this case, we hereby affirm the final judgment.
Affirmed in part and dismissed in part.
NOTES
[1] Even if they could appeal, we would affirm the approval of the settlement for the reasons expressed below.
[2] The Barnhill Objectors have properly appealed both the final judgment approving the settlement, and the order denying intervention. Ramos, 714 So.2d at 1148.
[3] Courts in the District of Columbia, Kansas, Massachusetts, Montana, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, and West Virginia have either preliminarily or have finally approved settlements against Microsoft with nearly identical releases.