[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2009
THOMAS K. KAHN
CLERK

No. 07-10701

_____

D. C. Docket No. 03-01500-CV-2-KOB

IN RE: HEALTHSOUTH CORPORATION SECURITIES LITIGATION

LEAD PLAINTIFFS, Central States Group and
New Mexico Group for Stockholder Litigation and
Retirement Systems of Alabama for Bondholder Litigation,

Plaintiff,

versus

HEALTHSOUTH CORPORATION,
Corporate defendant in Master Litigation,

Defendant-Appellee,

RICHARD M. SCRUSHY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 17, 2009)

Before MARCUS, ANDERSON and CUDAHY,* Circuit Judges.

_____
    *  Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit,
sitting by designation.

ANDERSON, Circuit Judge:

This appeal arises from a $445 million partial settlement between Lead Plaintiffs and HealthSouth Corporation ("HealthSouth") (collectively the "Settling Parties") in the HealthSouth securities fraud class action (the "Federal Actions").[1] Richard M. Scrushy ("Scrushy"), the former chairman and CEO of HealthSouth, is a non-settling defendant in the class action litigation. Scrushy appeals the scope of the Bar Order in the partial settlement because it extinguishes his contractual claims against HealthSouth for indemnification of settlement payments he might make to the underlying plaintiffs[2] and extinguishes his claims for advancement of legal defense costs.[3]

Scrushy's appeal challenges two portions of the Bar Order contained in the Partial Final Judgment approving the Settlement Agreement. First, Scrushy contends that the district court erred in allowing the Bar Order to extinguish Scrushy's contractual rights as a corporate officer for HealthSouth to reimburse him for good faith settlement amounts in his litigation with the underlying

---

[1] We sua sponte sever this appeal from AIG Global Investment Corporation's appeal of the Partial Final Judgment on an unrelated issue, appeal number 07-11908.

[2] Hereafter, we refer collectively to the Lead Plaintiffs, the Named Plaintiffs, and other class members in the Federal Actions as the underlying plaintiffs.

[3] Settlement agreements frequently include a bar order, extinguishing future claims by settling and non-settling parties, to facilitate the settlement.

plaintiffs. Second, Scrushy argues that it was error to bar his contractual claim against HealthSouth for advancement of his defense costs in that litigation. Scrushy advances several arguments in support of each challenge. We address each of his several arguments and conclude that they are without merit.

## I. BACKGROUND

This appeal stems from the HealthSouth securities fraud litigation. In March of 2003, HealthSouth acknowledged that its previous financial statements had substantially overstated its income and assets. In response, HealthSouth investors filed several class actions against HealthSouth, Scrushy, and others alleging violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. In July of 2003, these actions were consolidated in the Northern District of Alabama. In 2006, the Settling Parties reached a partial settlement agreement in which HealthSouth and its insurers agreed to pay the underlying plaintiffs $445 million. Scrushy was not allowed to participate in the mediation sessions leading up to the settlement agreement. After entertaining Scrushy's written objections and his arguments at the Fairness Hearing, the district court approved the partial settlement.

Scrushy, the former chairman and CEO of HealthSouth, is a non-settling defendant in the underlying class action litigation. Lead Plaintiffs alleged that

3

Scrushy was the mastermind of the fraud. In 1994, Scrushy and HealthSouth executed an agreement requiring HealthSouth to indemnify Scrushy to the fullest extent permitted by law. The indemnification agreement, governed by Delaware law, requires HealthSouth to indemnify Scrushy for any judgment or settlement in any action in which he is sued for actions taken as a director or officer of the company, if he acted in good faith and reasonably believed he was acting in the best interest of the company. The agreement allows Scrushy to recover any defense costs and expenses, including attorneys' fees, if he is successful in the defense of any such action. In addition, the agreement entitles Scrushy to receive advancement of attorneys' fees as they become due, provided he agrees to repay the advance if it is ultimately determined that he is not entitled to be indemnified against the expenses.

The Settling Parties' Stipulation of Partial Settlement ("Stipulation") contained a Bar Order extinguishing certain future claims by the settling defendants and the non-settling defendants. The Bar Order extinguished any claim for contribution (whether contractual or otherwise) by non-settling defendants (e.g., by Scrushy) against the Released Persons (e.g., HealthSouth) where the injury to the non-settling defendant is that person's actual or threatened liability to the underlying plaintiffs, including any amounts paid in settlement of such actual or

4

threatened liability, or any cost or expenses (including attorneys' fees) incurred in connection with the Federal Actions.[4] The Bar Order is reciprocal, extinguishing similar claims by the settling defendants.[5]

The extinguishment of Scrushy's claims is balanced not only by the reciprocal bar of any contribution claim against Scrushy by a Released Person, but also by a judgment credit, crediting non-settling defendants in any future judgment with the greater of settling defendant's proportionate liability or the amount

---

[4] Thus, the Bar Order precludes Scrushy's contractual claims against HealthSouth for advancement of his legal fees in litigation with the underlying plaintiffs, with one exception. That exception provides that there is no bar to Scrushy's potential claim against HealthSouth for defense fees and costs actually and reasonably incurred in the successful defense of claims asserted against him by the underlying plaintiffs, but only to the extent of his success.

[5] The relevant portion of the Bar Order reads as follows:

> The Non-Settling Defendants and all other persons, including but not limited to any other person or entity later named as a defendant or third-party in the Federal Actions, are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting, or asserting any claim for contribution (whether contractual or otherwise) against the Released Persons or any other claim against the Released Persons where the injury to such entity/individual is any person's actual or threatened liability to the Lead Plaintiff, Named Plaintiffs and other Class Members, including but not limited to any amounts paid in settlement of such actual or threatened liability, or any other costs or expenses (including attorneys' fees) incurred in connection with the Federal Actions; provided, however, that a Non-Settling Defendant shall not be barred from pursuing potential claims against HealthSouth for defense fees and costs actually and reasonably incurred in the successful defense of claims asserted against such Non-Settling Defendant in the Federal Actions, but only to the extent of such Non-Settling Defendant's success . . . .

The reciprocal portion of the Bar Order extinguishes similar claims by the settling defendants.

actually paid by the settling defendant. The judgment credit ensures that non-settling defendants are not required to pay more than their proportionate share of liability and ensures that the underlying plaintiffs do not reap a windfall.[6] The Stipulation also included an insurance credit for the non-settling defendants.

Scrushy objected to the Bar Order in the Stipulation. Scrushy complained that the proposed final judgment extinguished valuable and enforceable rights to which Scrushy was entitled under his indemnification agreement with HealthSouth. Scrushy filed written objections. Then on January 8, 2007, the district court heard arguments on the fairness of the partial settlement. Scrushy argued that the Bar

---

[6] The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(f), requires several aspects of the Bar Order – i.e., the reciprocal contribution bar, the judgment credit, and the exception ensuring that Scrushy's successful defense costs will not be barred. The contribution bar is discussed more fully below. With respect to the judgment credit, the PSLRA states:

> If a covered person enters into a settlement with the plaintiff prior to final verdict or judgment, the verdict or judgment shall be reduced by the greater of—
>
> > (i) an amount that corresponds to the percentage of responsibility of that covered person; or
> >
> > (ii) the amount paid to the plaintiff by that covered person.

15 U.S.C. § 78u-4(f)(7)(B). With respect to the exception for successful defense costs, the PSLRA states:

> In any case in which a contractual relationship permits, a covered person that prevails in any private action may recover the attorney's fees and costs of that covered person in connection with the action.

15 U.S.C. § 78u-4(f)(2)(B)(ii).

Order needed to be changed because it took away his contractual rights against HealthSouth for indemnification for good faith settlement amounts and for advancement of defense fees.

On January 11, 2007, the district court entered the Partial Final Judgment approving the partial settlement. The Partial Final Judgment includes the Bar Order extinguishing Scrushy's claims for indemnification if Scrushy ultimately settles with the underlying plaintiffs and extinguishing Scrushy's claims for the advancement of legal defense fees. Scrushy filed a motion to reconsider the Bar Order, and the district court denied the motion. The district court determined that the settlement agreement was fair and that Scrushy was adequately compensated by the judgment credit.

Scrushy challenges two aspects of the Bar Order. First, he makes several arguments supporting a challenge to that portion of the Bar Order that precludes his potential claim against HealthSouth for indemnification of any amounts he might pay in settlement of actual or threatened liability to the underlying plaintiffs. Second, he asserts several arguments supporting his challenge to that portion of the Bar Order that extinguished his contractual claim against HealthSouth for

advancement of legal fees in litigation with the underlying plaintiffs.[7]  After stating

the appropriate standard of review, we address Scrushy's arguments in turn.

## II.  STANDARD OF REVIEW

This Court reviews the imposition of a settlement bar order for an abuse of

discretion.  In re U.S. Oil & Gas Litig., 967 F.2d 489, 491 (11th Cir. 1992).  To the

extent that this review involves determining whether the PSLRA mandates that its

required contribution bar is the exclusive bar authorized, interpretation of a statute

is a question of law subject to de novo review.  Burlison v. McDonald's Corp., 455

F.3d 1242, 1245 (11th Cir. 2006).  A settlement should not be approved unless it is

fair, adequate, and reasonable, and the determination of fairness of the settlement is

left to the sound discretion of the district court.  In re Chicken Antitrust Litig. Am.

Poultry, 669 F.2d 228, 238 (5th Cir. Unit B 1982).

## III.  DISCUSSION

A.  Scrushy's Challenge to that Portion of the Bar Order that Precludes His Potential Claim Against HealthSouth for Indemnification of Any Amounts He Might Pay in Settlement of Actual or Threatened Liability to the Underlying Plaintiffs

1.  Scrushy's argument that the PSLRA's mandatory contribution bar is exclusive

---

[7]  Scrushy also makes a due process argument, which we reject without need for further discussion.  The argument was not preserved in the district court, and alternatively, he received ample process.

Scrushy notes that the PSLRA mandates that settlement agreements, such as the one at issue here, contain a bar order that bars all future claims against the settling parties for contribution. Scrushy contends that the mandatory contribution bar in the PSLRA is exclusive, and prohibits the district court from barring claims other than contribution claims. In particular, Scrushy argues that, pursuant to a contractual agreement with HealthSouth, he has a contractual right to be indemnified for any amounts he might pay in settlement of actual or threatened liability to the underlying plaintiffs. Because this contractual right is one for indemnification, and because he argues that the PSLRA's contribution bar sets both a floor and a ceiling on the scope of such a bar order, Scrushy argues that the instant Bar Order exceeds the permitted scope of such a bar order in that it bars not only his contribution claims, but also his indemnity claims. We reject this argument, and hold that the instant Bar Order is not inconsistent with the PSLRA insofar as it bars not only Scrushy's contribution claims, but also his indemnification claim for amounts he might pay in settlement of actual or threatened liability to the underlying plaintiffs.

The PSLRA provides:

A covered person who settles any private action at any time before final verdict or judgment shall be discharged from all claims for contribution brought by other persons. Upon entry of the settlement

9

by the court, the court shall enter a bar order constituting the final discharge of all obligations to the plaintiff of the settling covered person arising out of the action. <u>The order shall bar all future claims for contribution arising out of the action</u>—

    (i) by any person against the settling covered person; and

    (ii) by the settling covered person against any person, other than a person whose liability has been extinguished by the settlement of the settling covered person.

15 U.S.C. § 78u-4(f)(7)(A) (emphasis added).

The question of whether or not the mandatory contribution bar contained in the PSLRA is exclusive is an open question in this Circuit. In <u>AAL High Yield Bond Fund v. Deloitte & Touche LLP</u>, 361 F.3d 1305 (11th Cir. 2004), we declined to decide whether the PSLRA's mandated contribution bar is exclusive, but we asked the district court, on remand, to (1) consider whether the PSLRA's contribution bar order is exclusive, and (2) determine, in the alternative, whether the PSLRA suggests caution with respect to broader bar orders. <u>Id.</u> at 1312-13 n.14.[8]

---

[8]      On remand the district court did not decide whether the PSLRA contribution bar was exclusive; rather, the district court concluded that, in that case, no reason had been presented justifying a broader bar order than the contribution bar required by the PSLRA. <u>AAL High Yield Bond Fund v. Ruttenberg</u>, No. 2:00-cv-1404-UWC, 2005 WL 5926936, at *2 (N.D. Ala. June 2, 2005) (unpublished).

For the following reasons, we hold that the mandatory contribution bar in the PSLRA does not preclude a bar order containing a provision like the instant one – i.e., barring Scrushy's potential claim against the Released Persons for indemnification of any amounts he might pay in settlement of actual or threatened liability to the underlying plaintiffs.  First, we note that there is no provision in the statute expressly limiting or prohibiting a bar of indemnity claims.   Nor is there any language in the statute suggesting that the contribution bar is exclusive.  The statute merely mandates a contribution bar, but is silent with respect to barring similar indemnification claims.

Second, Scrushy has pointed to no case law holding that the PSLRA mandatory contribution bar is exclusive in this manner (i.e., in prohibiting such indemnification claims).  To the contrary, there is case law following the effective date of the PSLRA approving bar orders that not only bar contribution claims, but also bar such indemnification claims.  See, e.g., In re Heritage Bond Litig., 546 F.3d 667, 671 (9th Cir. 2008) (holding that bar orders issued pursuant to the PSLRA "may only bar claims for contribution and indemnity or disguised claims for such relief"); Carroll v. LeBoeuf, Lamb, Greene & MacRae, L.L.P., No. 05 Civ. 391(LAK), 2008 WL 2789766, at *3 (S.D.N.Y. July 16, 2008) (holding that a district court may properly bar claims by non-settling defendants against settling

11

defendants for contribution and indemnity as long as the bar order ensures fairness); In re Rite Aid Corp. Sec. Litig., 146 F. Supp. 2d 706, 726-27 (E.D. Pa. 2001) (noting that the PSLRA did not include language expressly prohibiting indemnification bars and was enacted against a backdrop of cases allowing indemnification bars, and rejecting the argument that the PSLRA prohibits bar orders that preclude indemnification claims).

The third reason, and a very significant one, that we reject Scrushy's argument is that the PSLRA was enacted against a background of established case law which had approved bar orders precluding such indemnification claims. For example, in this Circuit, our decision in In re U.S. Oil & Gas Litigation, 967 F.2d 489 (11th Cir. 1992) approved a bar order precluding "claims for contribution or indemnity against the settling defendants." Id. at 493 n.2; see also Eichenholtz v. Brennan, 52 F.3d 478, 485 (3d Cir. 1995) (concluding that the district court did not abuse its discretion in barring causes of action for indemnification, including claims based on underwriting indemnification agreements, because indemnification agreements "run counter to the policies underlying the securities acts"); Franklin v. Kaypro Corp., 884 F.2d 1222, 1232 (9th Cir. 1989) (agreeing with the district court's determination that contractual indemnity clauses were invalid); Globus v. Law Research Serv., Inc., 418 F.2d 1276, 1287-89 (2d Cir. 1969) (affirming the

12

district court's decision to set aside a jury verdict based on an indemnification agreement between an issuer and an underwriter, relying on the SEC's view that indemnification of directors and officers is against the public policy of the 1933 Act, and determining that underwriters should be treated equally with directors and officers). We can readily conclude that the background of case law against which the PSLRA was enacted clearly established that the barring of such indemnity claims is permissible. Indeed, courts have indicated that the PSLRA codified the prior federal common law with respect to bar orders. E.g., Heritage Bond, 546 F.3d at 677. We believe that it is highly unlikely that Congress would intend by its mere silence to overrule such well-established case law.

> 2. Scrushy's argument that his contractual claim against HealthSouth to be indemnified for any amounts he might pay in settlement of actual or threatened liability to the underlying plaintiffs is a truly independent claim because it is not based on his liability to those plaintiffs

Scrushy points out that the cases which have approved bar orders have involved orders that bar claims by non-settling defendants against settling defendants where the injury to the non-settling defendant was based on its liability to the underlying plaintiffs.[9] Scrushy argues that his contractual claim against

---

[9] See fuller discussion of this case law in Part III.B.1 (addressing the argument in the context of Scrushy's contractual claim for advancement of attorneys' fees).

13

HealthSouth for amounts he might pay in settlement to the underlying plaintiffs would not be "based on" his liability to the underlying plaintiffs, because he would inevitably deny liability in any settlement agreement. We reject this argument as almost frivolous. We agree with, and follow, the Second Circuit in Denney v. Deutsche Bank AG, 443 F.3d 253 (2d Cir. 2006). In that decision, the Second Circuit rejected this precise argument, holding that such settlements "would be nonetheless on account of liability or the risk thereof" to the underlying plaintiffs. Id. at 274.

3.    Scrushy's argument that the preclusion of his contractual indemnity claim against HealthSouth for settlement amounts was unjustified because he received no compensation therefor.

Scrushy is correct that both the case law and the PSLRA recognize that a bar order deprives a non-settling defendant of potentially valuable rights, and therefore, the non-settling defendant should be compensated. As noted above, the instant Bar Order includes, as part of its compensation to Scrushy, a judgment credit, which would credit Scrushy against any future judgment that the underlying plaintiffs might obtain against him. The credit is the greater of the settling defendants' (i.e., HealthSouth's) proportionate liability or the amount actually paid by HealthSouth and its insurers (i.e., $445 million). Scrushy argues that this judgment credit is inadequate. He argues that the judgment credit does not come

14

into play unless there is an adverse judgment against Scrushy, and thus would not come into play if he reaches a settlement with the underlying plaintiffs.

We reject this argument as wholly without merit. We conclude that the judgment credit is very significant compensation to Scrushy in the context of a settlement with the underlying plaintiffs. In negotiating any such settlement, both the underlying plaintiffs and Scrushy will know that, if Scrushy persists in taking the litigation to trial and judgment, the underlying plaintiffs will recover nothing at all from Scrushy and other non-settling defendants unless the verdict exceeds $445 million. Because Scrushy will be liable to the underlying plaintiffs, at most, only to the extent that any judgment against him and other non-settling defendants exceeds $445 million, Scrushy will be able to use that fact as a very significant bargaining chip in negotiating a settlement with the underlying plaintiffs. We conclude that the judgment credit provides adequate compensation to Scrushy for the extinguishment of his potential claim against HealthSouth for indemnification for any amounts he might pay in settlement to the underlying plaintiffs.

4. Scrushy's public policy arguments

Scrushy argues that public policy supports indemnification of corporate officers sued for actions taken within the scope of their employment. Scrushy points to the governing state law of Delaware which allows such broad

15

indemnification. One purpose of the Delaware law is to encourage qualified individuals to serve as corporate officers and directors, by safeguarding them when they act in good faith on behalf of the corporation. Stifel Fin. Corp. v. Cochran, 809 A.2d 555, 561 (Del. 2002).

To the extent that the public policy of Delaware supports indemnification agreements in general, that must be balanced against countervailing policies in favor of settlements and against indemnification in the securities litigation context. This Court has stated: "Public policy strongly favors the pretrial settlement of class action lawsuits." U.S. Oil, 967 F.2d at 493. Class actions increasingly incorporate bar orders because they play a key role in facilitating settlements. Id. at 494. "Defendants buy little peace through settlement unless they are assured that they will be protected against codefendants' efforts to shift their losses through cross-claims for indemnity, contribution, and other causes related to the underlying litigation." Id. Moreover, precedent indicates that indemnification of participants in the context of securities violations is inconsistent with the policies underlying the securities laws. See, e.g., Eichenholtz, 52 F.3d at 483; Baker, Watts & Co. v. Miles & Stockbridge, 876 F.2d 1101, 1105 (4th Cir. 1989); Stowell v. Ted S. Finkel Inv. Servs., Inc., 641 F.2d 323, 325 (5th Cir. Unit B 1981); Globus, 418 F.2d at 1288; see also 17 C.F.R. § 229.512(h)(3) (stating that the SEC's position is

16

that indemnification to officers and directors for liabilities arising under the Securities Act is against public policy and such indemnification is unenforceable, with the exception for expenses incurred in successful defense of any action). The cases have noted that such before-the-fact indemnification of participants would undermine a primary goal of securities legislation – i.e., to encourage diligence and discourage negligence in securities transactions. Thus, the Third Circuit in Eichenholtz noted that: "Generally, federal courts disallow claims for indemnification because such claims run counter to the policies underlying the federal securities acts." 52 F.3d at 484.

In sum, we conclude that the language in the Bar Order barring Scrushy's potential claim against HealthSouth for indemnification of any amounts he might pay in settlement of actual or threatened liability to the underlying plaintiffs is neither inconsistent with the mandatory contribution bar in the PSLRA, nor with public policy. We also reject Scrushy's argument that his claim is truly independent and that he received inadequate compensation. Accordingly, the district court did not err in rejecting Scrushy's challenge in this regard.

B.    Scrushy's Challenge to that Portion of the Bar Order that Extinguished His Contractual Claim Against HealthSouth for Advancement of Legal Fees in Litigation with the Underlying Plaintiffs

1. Scrushy's argument that his claim against HealthSouth for advancement of fees is a truly independent claim because it is not measured by his liability to the underlying plaintiffs

Scrushy points out that the cases which have approved bar orders have involved orders that preclude claims by non-settling defendants against settling defendants where the injury to the non-settling defendant was its liability to the underlying plaintiffs. Gerber, 329 F.3d at 306-07; see also Heritage Bond, 546 F.3d at 680 (requiring modification of a bar order to ensure that it only extinguished claims for contribution, indemnity, and claims in which the injury was the non-settling defendants' liability to the underlying plaintiffs); TBG, Inc. v. Bendis, 36 F.3d 916, 928 (10th Cir. 1994) (stating that courts have only allowed bar orders barring claims measured by the defendant's liability to the plaintiff, noting that no court had allowed the barring of claims with independent damages). For example, although the opinion of this Circuit in In re U.S. Oil & Gas Litigation, supra, has been interpreted by other courts as staking out a broader scope for permissible bar orders, our recent opinion in AAL High Yield construed U.S. Oil more narrowly. We held there: "The [U.S. Oil] opinion expressly declined to address the issue of 'truly independent claims.'" 361 F.3d at 1312. Rather, we pointed out that the precluded cross-claim (i.e., Pinnacle's) there was: "an attempt to seek indemnity from A & A for the federal securities law violations alleged

18

against Pinnacle in the complaints in that very case, i.e., for Pinnacle's liability to those same plaintiffs." Id. (internal quotations omitted). We noted that: "Pinnacle stated in its cross-claim that it seeks damages against A & A and Riley to the extent that it is liable to any of the plaintiffs herein." Id. (internal quotations omitted).

Indeed, the Gerber opinion modified the bar order in that case to limit the barred claims to those "where the injury is the non-settling defendants' liability to the plaintiffs." 329 F.3d at 307. The Gerber court contemplated that Daiwa (a defendant not included in the settlement at issue) may have sustained independent reputational damages arising out of a breached contractual or fiduciary relationship with the auditor (a settling defendant). Id. at 306.[10] The Second Circuit

_____

[10] Scrushy argues that the following language from the Second Circuit opinion in Gerber supports both his argument that his claim for advancement of fees is truly independent, and also his argument that there was no compensation for barring such advancement (see Part III.B.3, infra):

> If, however, Daiwa [a non-settling defendant who was the underwriter] were to prove that it sustained independent reputational damages or losses relating to the cost of defense arising out of a breached contractual or fiduciary relationship with BDO [a settling defendant, and the auditor for the issuer who gave "comfort letters" to Daiwa in connection with the underwriting], it has not been compensated for those losses by the judgment credit, and any such claims should not be extinguished.

329 F.3d at 306. Scrushy argues that this provides authority for his argument that his contractual claim against HealthSouth for advancement of legal fees should not have been extinguished by the Bar Order. We disagree. The Gerber opinion dealt with a non-settling defendant's (Daiwa's) cross-claim against a settling defendant (BDO) pursuant to a contractual relationship between them. With respect to such a suit, the Second Circuit perceived the possibility of truly independent damages, i.e., independent of any liability of Daiwa to the underlying plaintiffs. In any event, it is clear that the Gerber language does not clearly refer to defense costs incurred by a

19

limited any such claim by Daiwa against the auditor "to the extent that the injury to the Non-Settling Defendant under any such claim is its liability to the Kayne plaintiffs." Id. at 307.

Scrushy argues that his contractual claim against HealthSouth for advancement of his attorneys' fees for defending suits against him by the underlying plaintiffs is a truly independent claim. His argument is that his injury is not measured by his liability to the underlying plaintiffs. Rather, his injury is his payment of funds to his attorneys. Therefore, Scrushy argues, his claim is truly independent.

---

non-settling defendant like Scrushy in defending against claims against Scrushy by the underlying plaintiffs (as opposed to defense costs incurred by Daiwa in its pursuit of a truly independent cause of action against BDO). Accordingly, we perceive no support for Scrushy's argument from the above-quoted Gerber language. But see Daiwa Sec. Am., Inc. v. Grande Holdings Ltd., No. 98-CV-336 (JG)(JO), 2007 WL 4180664, at *3-4 (E.D.N.Y. Nov. 20, 2007) (unpublished) (interpreting the language from Gerber as allowing claims for indemnification for legal defense costs Daiwa incurred in the underlying class action litigation). We acknowledge that the Daiwa district court opinion provides some support for Scrushy's argument that barring his claim against HealthSouth for advancement of attorneys' fees would exceed the appropriate scope of a bar order. However, the Daiwa district court offered no satisfactory rationale to support that position. Moreover, it is clear that there is no such holding in the Second Circuit Gerber opinion. Rather than read the Daiwa district court opinion as a broad holding that a bar order can never extinguish a claim for indemnification of a non-settling defendant's attorneys' fees in defending against the underlying plaintiffs, we read it as simply holding that the particular claim in that case should not be extinguished. To the extent that the Daiwa district court opinion suggests that there is some requirement that each barred claim must be matched by a reciprocal bar of precisely the same kind, see Daiwa at id. at *5 n.4, we respectfully disagree for the reasons set out in Part III.B.3 of this opinion. In any event, we perceive no persuasive reason or authority to support a per se rule that a bar order can never extinguish a non-settling defendant's claim for indemnification of its defense costs in defending against the underlying plaintiffs.

20

Although we acknowledge that our research has uncovered no circuit court opinion which has addressed this issue, and although we acknowledge that the injury to Scrushy with respect to this claim is not measured precisely by amounts Scrushy has paid or might have to pay to the underlying plaintiffs, we nevertheless reject Scrushy's argument for the following reasons. Although the attorneys' fees for which Scrushy seeks advancement are not paid directly to the underlying plaintiffs, we believe that the attorneys' fees are nonetheless paid on account of liability to the underlying plaintiffs or the risk thereof. In a somewhat different context, the Second Circuit in Denney approved a bar order extinguishing claims of a non-settling defendant seeking to recover from a settling defendant amounts paid by the non-settling defendant in a settlement with the underlying plaintiffs notwithstanding the fact that the settlement denied the non-settling defendant's liability. The Denney court held that such payments were nevertheless "on account of liability or the risk thereof." Denney, 443 F.3d at 274. Similarly, in this case, the attorneys' fees for which Scrushy seeks advancement were incurred "on account of" Scrushy's liability or the risk thereof to the underlying plaintiffs. Scrushy's claim for attorneys' fees clearly cannot be considered to be independent of his liability to the underlying plaintiffs. We believe that the nature of Scrushy's claim for advanced attorneys' fees is so close to the nature of the claims which

established case law holds are appropriately barred that our application of that case law here constitutes a minimal and reasonable extension thereof.

In sum, we reject Scrushy's argument that contractual claims for advancement of legal fees are claims that by their very nature (i.e., not being measured by liability to the underlying plaintiffs) cannot be precluded by bar orders. Rather, we hold that Scrushy's claim is not a truly independent claim that might be per se inappropriate to bar.

2. Scrushy's public policy argument for advancement of attorneys' fees

Scrushy makes the same public policy argument for advancement of fees as he did for reimbursement of settlement amounts. He argues that Delaware law supports advancement of litigation fees for officers and directors to ensure that they will resist unjustified claims, and to encourage qualified individuals to serve. See Stifel Fin Corp., supra. He notes that an innocent officer might have difficulty proving his innocence if attorneys' fees are not advanced.

We note at the outset that the instant Bar Order expressly carves out and reserves to Scrushy his claim for contractual reimbursement of fees if he prevails in the Federal Actions (as required by the PSLRA). However, it is true that in the

22

absence of fee advancement, an innocent officer or director might have difficulty proving his innocence, and thus might have difficulty realizing a prevailing status.

As noted above, however, these policy arguments supporting advancement of legal fees must be balanced against countervailing policies in favor of settlements and against indemnification in the securities litigation context. HealthSouth might well have been reluctant to contribute $215 million[11] for the settlement if it thought it would continue to be liable for endless legal fees to fund Scrushy's individual defense against the same violations, especially as HealthSouth and the underlying plaintiffs perceive Scrushy as a central figure in the violations. In other words, absent a bar of any claim by Scrushy for advancement of legal fees, HealthSouth would have bought only a limited peace.[12]  In addition, the precedent discussed above suggests that advancement of legal fees might be inconsistent with the policies underlying the securities laws.  See discussion in Part III.A.4, supra. Although the policy against before-the-fact indemnification of participants in securities violations probably would not be inconsistent with advancement of fees

---

[11]     Insurance carriers contributed $230 million, bringing the total to $445 million.

[12]     We note that a party in HealthSouth's shoes might well have been more willing to leave extant the contractual claims for advancement of fees on the part of an outside director who could adduce evidence of excusable ignorance of the violations.  A continuing obligation to advance fees for such a director might well be perceived as more limited, as well as more deserved.

to an outside director who the evidence suggested was excusably ignorant of the violations, we discuss below the fact that Scrushy made no showing in the district court that he was merely an innocent bystander with respect to the violations at issue here.

In sum, we cannot conclude that public policy considerations support Scrushy's challenge to the bar of his contractual claim against HealthSouth for advancement of legal fees.

> 3. Scrushy's argument that preclusion of his contractual claim for advancement of legal fees was unjustified because he received no compensation therefor

Scrushy argues that he had a contractual agreement with HealthSouth whereby HealthSouth agreed to advance his legal fees incurred in suits against him for actions taken as an officer or a director of HealthSouth, provided that he agreed to repay same if it is ultimately determined that he was not acting in good faith with a reasonable belief that he was acting in the best interest of HealthSouth. Scrushy now argues that this contractual claim against HealthSouth was barred without any reciprocal bar placed upon HealthSouth. In other words, because HealthSouth possessed no such contractual right to advancement of its legal fees, there was no

bar thereof.[13]  Scrushy's argument seems to be that the adequate compensation required by the case law and PSLRA for a bar order must match each barred claim by a reciprocal bar of precisely the same kind placed upon the other party.

We reject Scrushy's argument as without merit.  Scrushy has offered no rationale and no authority to support a requirement of such precision.  On rebuttal at oral argument, Scrushy's attorney finally conceded that there was no requirement for such precision.

We also hold that the overall compensation to Scrushy was adequate.  The judgment credit discussed above is significant compensation to Scrushy.  Also, the Bar Order was reciprocal with respect to contribution claims; it barred any contribution claim (including defense costs)[14] by HealthSouth or other Released Persons (including Settling Insurers) against Scrushy.  This constitutes very significant compensation to Scrushy, in light of the perception by the underlying plaintiffs and HealthSouth that Scrushy was a central figure in the violations.  Additional compensation to Scrushy took the form of an insurance credit.

---

[13]      We note that there was a reciprocal bar extinguishing any claims for reimbursement by a Released Person (e.g., HealthSouth) against a Barred Person (e.g., Scrushy) for contribution where the injury to the Released Person is its liability or threatened liability to the underlying plaintiffs (including its defense costs incurred in connection with such litigation).

[14]      See note 13, supra.

25

We need not decide in this case the scope of a permissible departure from a precise match of each barred claim with a reciprocal bar of the same kind placed upon the other party. We noted above that there was in this case a reciprocal bar extinguishing any claims by HealthSouth against Scrushy in which HealthSouth might have sought to require Scrushy to contribute to HealthSouth's defense costs in the litigation with the underlying plaintiffs. See note 13, supra. Thus, there is in this case some reciprocity with respect to defense costs; there is simply not complete and precise reciprocity because there is no contract providing for Scrushy to advance legal fees to HealthSouth. In other words, our holding is a minimal and reasonable departure from such precision.

In sum, we conclude that the bar of Scrushy's claim against HealthSouth for advancement of legal fees was supported by adequate compensation.

4. The effect of 15 U.S.C. §78u-4(f)(2)(B)(ii)

HealthSouth in this appeal argues that there is a negative pregnant in 15 U.S.C. § 78u-4(f)(2)(B)(ii) that supports preclusion of Scrushy's claim for an advance of fees. That section provides as follows:

> In any case in which a contractual relationship permits, a covered person that prevails in any private action may recover the attorney's fees and costs of that covered person in connection with the action.

26

15 U.S.C. § 78u-4(f)(2)(B)(ii).  Because Congress expressly provided for a covered person, such as Scrushy, to recover attorneys' fees if he prevailed in litigation with the underlying plaintiffs, it is of course possible to construe the provision as containing a negative pregnant that an advance of fees would be inappropriate.  However, we decline to construe the statute as prohibiting enforcement of a contractual relationship for the advancement of fees, or even as placing a thumb on that side of scale.  We note that the provision occurs in the context of Congress' contemplation of completed litigation – i.e., a judgment.  Thus, Congress may or may not have been contemplating the issue of advancement of attorneys' fees prior to judgment.  Moreover, we can contemplate situations in which the equities would indicate that a corporate officer should be permitted to enforce a contractual right to advancement of attorneys' fees (e.g., an outside director who adduces credible evidence that he was excusably ignorant of the fraud, and who would be significantly prejudiced in his ability to prove his innocence in the absence of an advancement of fees).

We note that, in the absence of the negative pregnant urged upon us by HealthSouth, the propriety of barring contractual claims for fee advancements, like Scrushy's, will be left to the sound discretion of district courts.   In other words, district courts should consider the issue in light of the general standards for

27

approval of such settlements and such bar orders in determining whether they are fair, adequate, and reasonable to the settling and non-settling parties. Because we conclude below that the district court here did not abuse its discretion in barring Scrushy's claim for advancement of fees, we need not in this case decide whether §78u-4(f)(2)(B)(ii) contains such a negative pregnant. Accordingly, we decline to decide that issue.

5. In light of the general fair, adequate and reasonable standard, did the district court abuse its discretion in barring Scrushy's contractual claim against HealthSouth for advancement of legal fees?

Applying the general fair, adequate and reasonable standard to Scrushy's argument, we readily conclude that the district court did not abuse its discretion. We noted above our rejection of Scrushy's argument that his claim is a truly independent claim, our conclusion that public policy arguments do not support Scrushy's challenge, and our conclusion that Scrushy received adequate compensation for barring his claim for advancement of fees. We now inquire whether other factors indicate that the district court abused its discretion in concluding that the Bar Order was fair, adequate and reasonable. As suggested above in weighing the conflicting public policy considerations, a very preliminary

peek at the merits might be appropriate.[15] Scrushy proffered or adduced no evidence in the district court indicating that he was merely an innocent bystander with respect to the violations. Nor did he adduce any evidence of his inability to fund a full and adequate defense to any claims against him by the underlying plaintiffs. Finally, the fact that Scrushy failed to make this particular objection to the Bar Order until his reply in the district court (in other words, the fact that Scrushy raised the issue as an afterthought) provides a strong indication that barring his claim for advancement of fees would not prejudice his ability to defend himself. It may also provide support for the view that even Scrushy himself entertained little hope that he would be viewed as an innocent bystander.

In sum, we cannot conclude that the district court committed either legal error or an abuse of discretion in permitting the bar to Scrushy's claim against HealthSouth for advancement of legal fees.

## IV. CONCLUSION

For the foregoing reasons, we reject Scrushy's challenges to the instant Bar Order. We reject his several challenges to that portion of the Bar Order that bars

---

[15]      In U.S. Oil, we suggested that a preliminary peek at the merits of a claim to be barred might be appropriate. See U.S. Oil, 967 F.2d at 495 (suggesting that Pinnacle's barred cross-claim "was unlikely to survive even the most cursory adjudication on the merits"). Because 15 U.S.C. § 78u-4(f)(2)(B)(ii) expressly authorizes a covered person who prevails to enforce a contractual right to recover attorneys' fees, that statutory provision also suggests that the merits are relevant.

his potential claim against HealthSouth for indemnification of any amounts he might pay in settlement of actual or threatened liability to the underlying plaintiffs in connection with the Federal Actions. We also reject his several challenges to that portion of the Bar Order that extinguished his contractual claim against HealthSouth for advancement of legal fees in that litigation. We have before us no other challenge, and we express no opinion upon the validity of the Bar Order in any other regard. Accordingly, the judgment of the district court is

AFFIRMED.