[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12753
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00378-WS-B

ADAMS OFFSHORE, LTD.,

                                        Plaintiff - Appellee,

                    versus

BLAKE MARINE GROUP,

                                        Intervenor Plaintiff - Appellant,

CASHMAN EQUIPMENT CORPORATION,

                                        Intervenor Plaintiff-Appellee,

MCDERMOTT GULF OPERATING COMPANY, INC.,

                                        Intervenor,

versus

CON-DIVE, LLC, et al.,

                                        Defendants.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(April 27, 2012)

Before CARNES, BARKETT, and ANDERSON, Circuit Judges.

PER CURIAM:

Blake Marine Group appeals the district court's order requiring it to reimburse Adams Offshore, Ltd. for costs Adams Offshore incurred related to the maritime attachment of a diving system owned by Oceanografia Sociedad Anomina de Capital Variable. Blake Marine contends that the district court erred in calculating the total amount of reasonable attachment costs and that it allocated those costs unreasonably.

## I.

Oceanografia's diving system was aboard the Bold Endurance, a vessel berthed in Mobile, Alabama. Three companies filed complaints against Oceanografia seeking the maritime attachment of the diving system to satisfy a debt. Adams Offshore was the first to file, claiming damages of $7,000,000. Blake Marine then intervened, claiming damages of $60,647,834. Cashman Equipment Corporation also intervened, claiming damages of $1,700,000. The

district court issued an order attaching the diving system, and Adams Offshore incurred costs related to that attachment.

The district court later vacated its attachment order, and Adams Offshore filed a motion seeking reimbursement from Blake Marine and Cashman for a share of the attachment costs. The court granted that motion in part. It found that Adams Offshore incurred $235,957.96 of reasonable attachment costs, and it apportioned those costs among Adams Offshore, Blake Marine, and Cashman based on the relative value of those companies' claims against Oceanografia. The court's order required Adams Offshore to absorb 10% of the reasonable costs, Blake Marine to reimburse Adams Offshore for 87.5% of those costs, and Cashman to reimburse Adams Offshore for the remaining 2.5% of those costs.

## II.

Blake Marine first contends that the district court erred in calculating the total amount of attachment costs that should be allocated among the parties, arguing that including the costs of removing the diving system from the Bold Endurance was unreasonable. The parties agreed that the district court should allocate only reasonable attachment costs, and whether an attachment cost is reasonable is a finding of fact. We review only for clear error factfindings made by the district court sitting in admiralty jurisdiction without a jury. Marine Transp.

Servs. Sea-Barge Group, Inc. v. Python High Performance Marine Corp., 16 F.3d 1133, 1138 (11th Cir. 1994). After reviewing the record, we are convinced the district court did not clearly err in calculating the reasonable attachment costs that should be allocated among the parties.

## III.

Blake Marine next contends that the district court erred by allocating the attachment costs based on the relative value of each party's claims against Oceanografia, arguing that the district court's method of allocation was unreasonable. The Southern District of Alabama's Local Admiralty Rule 6(c) provides that: "Intervenors under this rule shall be liable for costs together with the party originally effecting seizure on any reasonable basis determined by the court." S.D. Ala. Loc. Adm. R. 6(c) (emphasis added). According to the district court, that local rule governed the allocation of the attachment costs in this case. Because "we give great deference to a district court's interpretation of its local rules," Fils v. City of Aventura, 647 F.3d 1272, 1282–83 (11th Cir. 2011), we must decide only whether the court's method of allocating the attachment costs had a "reasonable basis," see S.D. Ala. Loc. Adm. R. 6(c).[1]

---

[1]Blake Marine contends that Local Admiralty Rule 6 required Adams Offshore to seek from the United States Marshal an initial allocation of the attachment costs before seeking reimbursement in the district court. Blake Marine waived that argument by not making it in the district court. See Aldana v. Del Monte Fresh Produce N.A., Inc., 578 F.3d 1283, 1297 n.6 (11th

Local Admiralty Rule 6(c)'s language—"any reasonable basis"—gives the district court wide discretion in allocating attachment costs. The method of allocation does not have to be the most reasonable; it need only be reasonable. We agree with other courts that have recognized that allocating costs based on the relative value of the parties' claims is reasonable. See, e.g., Beauregard, Inc. v. Sword Servs. L.L.C., 107 F.3d 351, 353 n.8 (5th Cir. 1997) ("[A]n intervenor with a very small claim might not be forced to bare the same proportion of the cost of maintenance as a claimant with a large claim. In such circumstance, costs might be divided according to the relative size of each party's claim."). Moreover, the Model Local Admiralty Rules, which Blake Marine brought to the district court's attention, require allocating attachment costs among intervenors "in the proportion that the intervenor's claim bears to the sum of all the claims." Model Loc. Adm. R. E(11)(b) (2008).

**AFFIRMED.**

---

Cir. 2009). Blake Marine also contends that it is, or that it should be, unlawful to allocate attachment costs among intervenors when there is no recovery on the attached property because attachment priority is based on a first-to-file rule. Its assertion of that argument before the district court was untimely, and the district court did not consider it for that reason. Because the argument has not been preserved, we will not consider it on appeal. See In re HealthSouth Corp. Sec. Litig., 572 F.3d 854, 858 n.7 (11th Cir. 2009). In any event, Blake Marine does not identify any court that has adopted its argument, which we find unpersuasive anyway. We also find unpersuasive Blake Marine's argument that the district court should have considered only the roughly $1,300,000 "actual value of [its] claims," or the "hard damages," against Oceanografia instead of the $60,647,834 it claimed as damages in its complaint. Blake Marine does not identify any court that has allocated costs that way.