# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1694

_____

Edward Huyer; Connie Huyer; Carlos Castro; Hazel P. Navas

*Plaintiffs - Appellees*

Wells Fargo & Company; Wells Fargo Bank, N.A.

*Defendants - Appellees*

v.

Rhadiante Van de Voorde

*Movant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 10, 2017
Filed: February 8, 2017

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Rhadiante Van de Voorde appeals the district court's[1] order approving a class action settlement that requires one subgroup of class members to submit proofs of claim before receiving payment. Because Van de Voorde is not a member of this subgroup and suffers no injury from this requirement, we dismiss the appeal for lack of standing.

I.

In 2008, plaintiffs filed this class action against Wells Fargo & Co. and Wells Fargo Bank, N.A. ("Wells Fargo"). The plaintiffs' claims related to Wells Fargo's practice of automatically ordering and charging fees for property inspections when customers fell behind on their mortgage payments. In 2015, the parties participated in mediation and reached a settlement agreement.

The settlement agreement provides that Wells Fargo will pay $25,750,000 in full settlement of all class claims. The agreement divides the class members into three subgroups: (1) members with active loans ("active"); (2) members whose loans are paid in full ("paid-in-full"); (3) members whose loans ended in a foreclosure sale, short sale, deed in lieu of foreclosure, or charge-off ("post-sale"). Active and paid-in-full class members automatically will receive a cash award from the settlement fund without having to submit a claim. In contrast, post-sale class members must submit a proof of claim in order to obtain a cash award. All class members were allowed to opt-out of the lawsuit.

The district court preliminarily approved the settlement agreement, and more than 2.7 million notices were sent to class members. Van de Voorde filed a written objection to the agreement. She argued that the named plaintiffs did not adequately

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

represent the class because none of them belonged to the post-sale subgroup and that the resulting agreement was unfair to post-sale class members because they must submit proofs of claim in order to receive an award. To prove that she was a class member, Van de Voorde attached a copy of the class notice she received. The class notice indicates that Van de Voorde is an active or paid-in-full class member.[2]

After holding a fairness hearing, the district court entered an order granting final class certification and final approval of the settlement. The court addressed Van de Voorde's objection by explaining that "there are valid reasons for requiring post-sale class members to provide actual proof of their claim." *Huyer v. Wells Fargo & Co.*, 314 F.R.D. 621, 627 (S.D. Iowa 2016). The court further noted that the named class representatives adequately represented the class because "the class representatives seek the same type of recovery as the rest of the class members, they are represented by qualified counsel and . . . [they] reached a favorable settlement." *Id.* at 625. Although Van de Voorde did not formally move to intervene in the case, she now appeals this order and reasserts her previous objection.

II.

Wells Fargo argues that Van de Voorde lacks standing to appeal because, as an active or paid-in-full member, she is not aggrieved by the aspects of the settlement that she is challenging. "If a litigant lacks Article III standing to bring his claim, then we have no subject matter jurisdiction over the suit." *Iowa League of Cities v. EPA.*, 711 F.3d 844, 869 (8th Cir. 2013). "The standing Article III requires must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997).

---

[2]Wells Fargo has provided a copy of this notice in its motion to supplement the record, which we grant.

Van de Voorde argues that she has standing to appeal the final approval of the class action settlement as a result of the Supreme Court's decision in *Devlin v. Scardelletti*, 536 U.S. 1 (2002). Van de Voorde misunderstands *Devlin*. In *Devlin*, the Court stated that "class members [must] be allowed to appeal the approval of a settlement when they have objected at the fairness hearing." *Id.* at 10. Van de Voorde apparently interprets this statement to mean that any class member who objected at the fairness hearing automatically obtains Article III standing to appeal the settlement. However, the Court expressly noted that the issue in *Devlin* did "not implicate the jurisdiction of the courts under Article III of the Constitution." *Id.* at 6. Instead, *Devlin* addressed only the issue of whether an unnamed class member who did not formally intervene in the action "should be considered a 'party' for the purposes of appealing the approval of the settlement," in light of the general rule that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *Id.* at 7 (quotation omitted). Thus, *Devlin* does not stand for the proposition that the act of objecting to approval of a settlement automatically confers Article III standing upon an unnamed class member. Rather, it held only that failing to intervene in a class action does not by itself prevent an unnamed class member from appealing the settlement. *Id.* at 14.[3]

---

[3] In fact, we have previously expressed doubt as to whether this holding applies to an opt-out class action such as this one. *See In re Gen. Am. Life Ins. Co. Sales Practice Litig.*, 302 F.3d 799, 800 (8th Cir. 2002) ("Because the Court relied upon the mandatory character of the class action, we question whether *Devlin*'s holding applies to opt-out class actions certified under Rule 23(b)(3)."). *But see Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30, 39-40 (1st Cir. 2009) ("[T]he weight of authority holds that *Devlin* applies to all class actions."). If *Devlin*'s holding does not apply here, then Van de Voorde would be barred from bringing this appeal based on her failure to intervene. However, we need not decide this issue because neither party has raised it, and thus it has been waived. *See Eagle Tech. v. Expander Americas, Inc.*, 783 F.3d 1131, 1138 n.2 (8th Cir. 2015).

And so, regardless of *Devlin*, Van de Voorde still must show that she satisfies the standing requirements of Article III. *See Delorme v. United States*, 354 F.3d 810, 815 (8th Cir. 2004) ("A party invoking federal jurisdiction must establish that he has met the requirements of both constitutional and prudential standing." (citation omitted)). "To show standing under Article III of the U.S. Constitution, a plaintiff must demonstrate (1) injury in fact, (2) a causal connection between that injury and the challenged conduct, and (3) the likelihood that a favorable decision by the court will redress the alleged injury." *Iowa League of Cities*, 711 F.3d at 869 (quotation omitted). An "injury in fact" is "an invasion of a legally protected interest" which must be "concrete and particularized" and "actual or imminent." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Here, Van de Voorde fails to demonstrate that she has suffered an injury in fact. Van de Voorde challenges only the treatment of the post-sale class members, arguing that they were not adequately represented and that the active and paid-in-full members will benefit at the expense of the post-sale members. Yet Van de Voorde is an active or paid-in-full class member. She would not benefit from the changes she seeks. In fact, if the settlement agreement required Wells Fargo to pay all class members without requiring them to submit proofs of claim, Van de Voorde likely would receive *less* money as a result of more post-sale class members receiving reimbursement. Consequently, the requirement for post-sale class members to submit proofs of claim does not injure her.

Van de Voorde responds that she has suffered an injury because she "does not want to be overcompensated at the expense of others being undercompensated." However, we do not believe that this "abstract psychic harm" constitutes an injury in fact. *See MainStreet Org. of Realtors v. Calumet City, Ill.*, 505 F.3d 742, 745 (7th Cir. 2007) (providing the example that "[t]here is a sense in which I am injured when I become upset by reading about the damage caused that fine old vineyard in Burgundy by a band of marauding teetotalers, yet that injury would not be an 'injury'

-5-

that conferred standing to sue under Article III"). Indeed, several of our sister circuits have held that class members lack standing to appeal aspects of a class action settlement that do not adversely affect their own interests. *See Hill v. State St. Corp.*, 794 F.3d 227, 231 (1st Cir. 2015) (holding that objectors lacked standing to challenge attorneys' fees because "no decrease in the portion of the $60 million settlement amount that is paid to counsel will in any way benefit objectors"); *Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 957 (7th Cir. 2013) (holding that an objector who did not file a claim "lack[ed] any interest in the amount of fees, since he would not receive a penny from the fund even if counsel's take should be reduced to zero"); *Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1126 (9th Cir. 2002) (holding that an objector lacks standing if modifying a fee award does not "actually benefit" the objector). We agree with these circuits. Because the aspects of the settlement regarding the post-sale subgroup do not adversely affect Van de Voorde's interests, she lacks standing to appeal those aspects.

## III.

For the foregoing reasons, we dismiss the appeal for lack of standing.

SMITH, Circuit Judge, concurring.

I agree with the court's judgment. I write separately to express my divergent path to that result. To me, the issue is not whether Van de Voorde "obtained" or was "conferred" Article III standing by objecting to the class settlement. She had Article III standing when, as a class member, she sued Wells Fargo. "As a member of the [settlement] class, petitioner has an interest in the settlement that creates a 'case or controversy' sufficient to satisfy the constitutional requirements of injury, causation, and redressability." *Devlin*, 536 U.S. at 6–7 (citing *Lujan*, 504 U.S. 555). The issue, rather, appears to be one of prudential standing.

-6-

Settlement objectors must "meet the requirements for constitutional and prudential standing established by the Supreme Court in *Lujan*." *Delorme*, 354 F.3d at 816. Prudential standing encompasses several concerns, including "[t]he general prohibition on a litigant's raising another person's legal rights." *Devlin*, 536 U.S. at 7 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). As the court notes, Van de Voorde will not benefit from the objection she makes. She essentially seeks "to enforce someone else's legal rights." *MainStreet Org. of Realtors*, 505 F.3d at 746. Consequently, Van de Voorde lacks prudential standing rather than constitutional standing. The result, however, is the same.

I concur.

_____