# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2378

_____

Connie Jean Smith, Individually and on behalf of all others similarly situated

*Plaintiff - Appellee*

v.

SEECO, Inc., Now known as SWN Production (Arkansas), LLC; Desoto Gathering Company, LLC; Southwestern Energy Services Company; Southwestern Energy Company

*Defendants - Appellees*

v.

Connie Arnett; Cecil Barnes, Jr.; Cecil Barnes, III; David Brown; Edward Bryant; Roy Bryant; Rob Cassell; Sally Cassell; Patricia Cates; Isaac Criswell; Jerry Donahue; James Duncan; Kim Carrell Gifford; John Gottsponer; Myrtle Gottsponer; Clemens Gottsponer; Thomas Gray; Karrie Gray; Robert Hall; James Harrison; John Hart; Kevin Holland; Hubert Isom; Joyce Isom; Floyd Jerrell; Sherry Jerrell; Brenda Sue Kay; Bennie Latimer; Junior Latimer; Megan Lockard; Dana Love; James Williams; Lucretia Williams; Dennis Cossey; Sandra Cossey; Michelle Gifford; Robert Lee; Juanita Boone; James Throneberry; Karen Throneberry; Wanda Liddell; Norma Bryant; Charles Noakes

*Movants - Appellants*

_____

No. 17-2607

_____

Connie Jean Smith, Individually and on behalf of all others similarly situated

*Plaintiff - Appellee*

v.

SEECO, Inc., Now known as SWN Production (Arkansas), LLC; Desoto Gathering Company, LLC; Southwestern Energy Services Company; Southwestern Energy Company

*Defendants - Appellees*

v.

Charter Land Co., LLC

*Movant - Appellant*

_____

No. 17-2610

_____

Connie Jean Smith, Individually and on behalf of all others similarly situated

*Plaintiff - Appellee*

v.

SEECO, Inc., Now known as SWN Production (Arkansas), LLC; Desoto Gathering Company, LLC; Southwestern Energy Services Company; Southwestern Energy Company

*Defendants - Appellees*

v.

Kimberly Wyborny; David Bird; Laurel Bird; Kenneth Brents Family Trust; Brents Holding Company, LLC; Dunaway Brothers Properties, LLC; Betty B.

-2-

Dunaway Rev. Trust; Arthur Dunaway Rev Trust; Lonnie Wayne Harris; Thomas Hart; Hart of Arkansas Minerals, LLC; Paula Barton; Paula Barton Revocable Trust; Dorr B. Moore; Barbara Moore; Dorr B. Moore Jr. Trust; Barbara J. Smith; Ruth Ann Needels; Ruth Ann Needels Living Trust; Gary Goff; Verdain Grady; Glyva Jo Grady; Dana Walker; Julia Walker; Brinda Williams; Steven English; Thane Fleming; Nancy Fleming; Rex Harrison; Mary Harrison; Carol Howell; Gailon Howell; Marilynn Moore; Robert Owens; Faye Owens; Joseph Peacock; Eric Rice; William Rice; Theresa Tubbs; Jeannine Hill Thomas; David Michael Wood, Individually and as trustee of the Dickson/Wood Land Trust; Warren Christopher; Georgene Christopher; Warren Christopher, as representative of Mountain Aire East, Inc.; MWI, LLC; Melissa Ruth Christopher; Pamela C. Harmon

*Movants - Appellants*

_____

No. 17-3443

_____

Connie Jean Smith, Individually and on behalf of all others similarly situated

*Plaintiff - Appellee*

v.

SEECO, Inc., Now known as SWN Production (Arkansas), LLC; Desoto Gathering Company, LLC; Southwestern Energy Services Company; Southwestern Energy Company

*Defendants - Appellees*

v.

Connie Arnett; Cecil Barnes, Jr.; Cecil Barnes, III; James Booth; Lori Booth; David Brown; Edward Bryant; Roy Bryant; Kim Carrell Gifford; Roby Cassell; Sally Cassell; Patricia Cates; Isaac Criswell; Jerry Donahue; James Duncan; John Gottsponer; Myrtle Gottsponer; Clemens Gottsponer; Thomas Gray; Karri Gray;

-3-

Robert Hall; James Harrison; John Hart; Kevin Holland; Hubert Isom; Joyce Isom;
Floyd Jerrell; Sherry Jerrell; Kathy Johnston; Brenda Sue Kay; Bennie Latimer;
Junior Latimer; Megan Lockard; Dana Love; James Williams; Lucretia Williams;
Dennis Cossey; Sandra Cossey; Michelle Gifford; Robert Lee; Juanita Boone;
James Throneberry; Karen Throneberry; Wanda Liddell; Norma Bryant; Charles Noakes

*Movants - Appellants*

————————

Appeals from United States District Court
for the Eastern District of Arkansas - Little Rock

————————

Submitted: January 15, 2019
Filed: April 23, 2019

————————

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.

————————

ERICKSON, Circuit Judge.

In this appeal four groups of prospective intervenors—the Arnett I, Arnett II, Charter Land Co. LLC, and Wyborny appellants—challenge the district court's[1] denials of their motions to intervene in a class action lawsuit by named plaintiff Connie Jean Smith against SEECO, Inc., et al.[2] They also challenge the district court's procedures for opting-out from the class. We affirm the district court's ruling that Charter Land's motion to intervene was untimely, and dismiss the remaining appeals for lack of jurisdiction.

————

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

[2]Arnett I is comprised of forty-three individuals, while Arnett II is comprised of those forty-three individuals plus an additional three individuals.

-4-

## I.    Background

Connie Jean Smith filed a putative class action lawsuit against SEECO, Inc., et al., alleging underpayment of gas royalties.[3]   The claims related to the rate of payment that SEECO and its subsidiaries had offered interest-holders in oil wells in the Fayetteville Shale formation.  When Smith filed her lawsuit, two class actions on related claims were already pending in state court (referred to as "Snow" and "Stewmon").  The district court certified a class of all of SEECO's royalty owners (including owners within and outside of Arkansas) with leases containing the relevant lease language.  The Smith class by definition covered all of the related state actions.

The district court formulated a class-notice plan with specific opt-out procedures.  To opt-out, a royalty owner had to send a letter to the class administrator postmarked within sixty days of the notice date stating the owner's desire to be excluded from the class.  The court-approved opt-out plan required the letter to: (1) state the owner number, name, and address of the person or entity requesting exclusion, (2) identify by property name/number the well or wells in which the owner held a royalty for which they were requesting exclusion, and (3) contain a notarized signature by the individual or an officer of the entity requesting exclusion.  Two hundred forty-eight royalty owners moved to intervene to challenge the court's opt-out procedures, including the Arnett appellants.  The district court declined to rule on the motions until the class members had an opportunity to comply with the requirements in full.  Most of the owners who signed the intervention motion chose to submit opt-out requests.

On January 18, 2017, the district court denied the motions to intervene and to modify the opt-out procedures.  The key concern underlying the district court's ruling

---

[3]The facts of the merits dispute in this case are recounted in full in Connie Jean Smith v. SEECO, Inc., et al, No. 17-3636.

on the opt-out procedures was a fear "that lawyers, rather than the class members themselves, may be making decisions, and extra protections must be in place to ensure the class members made the opt-out decision." This concern was bolstered by later experience. For example, the court received opt-out requests from different groups of lawyers purporting to represent the same royalty owner and interest. Additionally, the fact that some individuals owned multiple wells and some wells had multiple owners meant that the court felt the opt-out needed to require "owners to specify which properties/wells they wished excluded, rather than merely provide their name and/or only provide the well number." After all opt-out requests had been submitted, the court concluded that "the opt-out procedures were not overly burdensome, and . . . in the aggregate, the process worked as expected." As relevant to this appeal, forty-five of the forty-six Arnett appellants (the forty-three appellants in Arnett I and two of the three additional appellants in Arnett II) failed to comply with the opt-out requirements and therefore remained in the class.

The Arnett appellants asked this court for mandamus relief from the January 18, 2017, order. We denied the request on February 15, 2017. On March 30, 2017, the Arnett appellants filed a second motion to intervene. On May 24, 2017, the district court denied this second, duplicative motion.

On May 18, 2017, the state court handling the Snow litigation approved a global settlement class covering all of the members of the Smith class. The state court preliminarily approved the settlement. At the time of the settlement the Smith case was fast approaching a firm trial date. The settlement provided that if the Smith trial began the settlement would be terminable. SEECO asked the district court to continue Smith's trial so that the settlement in Snow could be finalized. The district court denied the motion.

Before trial began, Snow disclosed to the state court a fee-sharing agreement between Snow and Smith class counsel. Under the agreement Smith class counsel

would receive only roughly one-third of the attorney's fees from any global settlement (with the other two-thirds going to Snow class counsel), but Smith counsel would keep all of the attorney's fees awarded after a successful trial. Snow counsel claimed the agreement was still in effect, creating a potential counsel-adequacy problem under Rule 23. Smith counsel asserted that the agreement was no longer in effect. As a result of the dispute, SEECO asked the federal district court to decertify the Smith class and remove class counsel.

The district court denied the motion. The court concluded that class counsel's performance to that point had been "nothing short of impressive" and found that the evidence indicated that the fee-sharing agreement terminated long before the Smith class was certified. SEECO asked us for mandamus relief and a stay, seeking to protect the Snow settlement. We denied their request.

As relevant to this appeal, the Wyborny appellants filed a similar motion echoing SEECO's class-adequacy concerns. The district court denied the motions. Similar arguments were made at trial, and again rejected. At the close of evidence, the district court noted that "[t]his was a well-tried case" and told Smith that her counsel "did a great job." Nevertheless, SEECO prevailed.

After the jury had returned its verdict and the day before the district court entered judgment, another royalty owner, Charter Land Company, moved to intervene for the purpose of challenging class counsel's adequacy. Charter Land's motion raised substantially the same arguments that SEECO and the Wyborny appellants had raised before trial. The district court denied the motion as untimely, explaining that Charter Land was not permitted to wait to see how the trial turned out, then seek to undermine class adequacy.

The attempted-intervenors now appeal, claiming the district court abused its discretion in denying their motions to intervene and in fashioning the opt-out

procedures. SEECO asserts we lack jurisdiction over the Wyborny appeal and both Arnett appeals, as they filed their notices of appeal well past the 30-day deadline following the denial of their motions to intervene. SEECO also asks us to affirm the district court's denial of Charter Land's motion to intervene as untimely gamesmanship.

## II.     Discussion

### A.     Timeliness of Notice of Appeal

The statutory notice-of-appeal deadline is jurisdictional. See Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."); EPA v. City of Green Forest, Ark., 921 F.2d 1394, 1401 (8th Cir. 1990) (citing United States v. Metropolitan Dist. Comm'n, 865 F.2d 2, 4 (1st Cir. 1989)) ("[A]n appellate court lacks jurisdiction over an untimely appeal . . . ."). "We must resolve outstanding questions of jurisdiction before proceeding to analyze the merits." Arnold v. Wood, 238 F.3d 992, 994 (8th Cir. 2001) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998)) (holding that we must consider the statutory notice-of-appeal timeliness requirement before addressing the merits of a case).

"It is well-settled that an order denying a motion to intervene as of right is a final appealable order." City of Green Forest, 921 F.2d at 1401 (citations omitted). In order for an appellate court to exercise jurisdiction over the attempted-intervenors' appeals, the attempted-intervenors must have appealed within 30 days after the denial of their motions to intervene.

We lack jurisdiction over the Arnett I appellants because their appeals were not filed within 30 days of the district court's order denying intervention. The Arnett I appellants had 30 days from the denial of their motion to intervene on January 18,

-8-

2017, to file their notice of appeal. See 28 U.S.C. § 2107(a). They instead asked this court for mandamus relief (denied February 15, 2017) then refiled a second motion to intervene on March 30, 2017. Their second motion, like the first, contained arguments regarding why the appellants should not have to comply with the district court's opt-out procedures. On May 24, 2017, the district court denied their second, duplicative motion. The denial of a second motion to intervene covering the same grounds as the first motion to intervene does not reset the clock for purposes of an appeal; holding otherwise would defeat the statutory timeliness requirement. That their eventual notice of appeal was filed within 30 days of the denial of their second motion does not preserve our jurisdiction, as the Arnett I appellants have not identified a material way in which the second motion was distinguishable from the first. See City of Green Forest, 921 F.2d at 1401 (explaining that "changed circumstances" would allow an appeal from a second motion to intervene); cf. Smith v. SEECO, Inc., 865 F.3d 1021, 1026 (8th Cir. 2017) ("Nothing in our decision allows a putative intervenor to bring successive appeals from successive denials when a single motion to intervene could have raised all of the putative intervenor's interests at one time without delay.").

We likewise lack jurisdiction over the Arnett II appellants. Their notice of appeal—filed on November 6, 2017—indicated that they were appealing the district court's January 18, 2017, order. Because "an order denying a motion to intervene as of right is a final appealable order," the Arnett II appellants were not allowed to wait to bring their appeal.[4] See City of Green Forest, 921 F.2d at 1401.

The Arnett II appellants argue against this conclusion by suggesting that the exception identified by the Supreme Court in Devlin v. Scardelletti, 536 U.S. 1

---

[4]One of the Arnett II appellants, Kathy Johnston, appears to have had her opt-out request accepted by the district court. As a result, she was excluded from the class. We therefore would also dismiss her claims on grounds of Article III standing because she was not negatively affected by the district court's rulings.

-9-

(2002), allows for their appeal. In Devlin the Supreme Court held that "nonnamed class members . . . who have objected in a timely manner to approval of [a] settlement at the fairness hearing have the power to bring an appeal without first intervening," despite the ordinary rule that only parties to a lawsuit are able to appeal an adverse judgment. Id. at 14. We have previously suggested that Devlin's rule is limited to the circumstances at issue in that case. See Huyer v. Van de Voorde, 847 F.3d 983, 986 n.3 (8th Cir. 2017) (quoting In re Gen. Am. Life Ins. Co. Sales Practices Litig., 302 F.3d 799, 800 (8th Cir. 2002)) (explaining that we have expressed doubt that Devlin "applies to an opt-out class action" at all); P.A.C.E. v. Sch. Dist. of Kansas City, 312 F.3d 341, 343 (8th Cir. 2002) (holding that Devlin was "not on point" when reviewing denial of motion to decertify a class since Devlin involved a final order approving settlement of a case). Devlin's holding has no application where, as here, the attempted-intervenors received a final (and therefore immediately appealable) order denying their motion to intervene.

Finally, we lack jurisdiction over the Wyborny appellants. The Wyborny appellants' notice of appeal identified orders entered on "June 2, 2017, January 18, 2017, and March 21, 2017." The Wyborny appellants did not file their notice of appeal until July 21, 2017—well after the date to appeal even the June 2, 2017, order. To the extent that the Wyborny appellants attempt to rely on Devlin to support the timeliness of their motion, they are unsuccessful for the same reasons as the Arnett II appellants. We therefore dismiss the Arnett and Wyborny appeals for having failed to comply with the jurisdictional requirement that they be filed within 30 days of a final appealable order.

B.    Timeliness

"When a district court denies a motion to intervene based on untimeliness . . . we review that decision for abuse of discretion." In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig., 716 F.3d 1057, 1065 (8th Cir. 2013) (citing

ACLU of Minn. v. Tarek ibn Ziyad Acad., 643 F.3d 1088, 1093 (8th Cir. 2011)). A court "abuses its discretion when it 'rests its conclusion on clearly erroneous factual findings or erroneous legal conclusions.'" Id. (quoting Oglala Sioux Tribe v. C&W Enters., Inc., 542 F.3d 224, 229 (8th Cir. 2008)). If timely, however, we evaluate whether a party is entitled to intervene as a matter of right *de novo*. Id. (citing Mille Lacs Band of Chippewa Indians v. Minnesota, 989 F.2d 994, 998 (8th Cir. 1993)).

"To determine whether a motion to intervene is timely, we have instructed district courts to consider '(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties.'" Id. (citing ACLU of Minn., 643 F.3d at 1094). "Motions to intervene should be construed 'liberally ... in favor of the proposed intervenors,' but '[a]t the same time, a district court's exercise of discretion under the rule should not lightly be overturned.'" Id. at 1065–66 (alterations in original) (citing United States v. Ritchie Special Credit Invs., Ltd., 620 F.3d 824, 831 (8th Cir. 2010)). The district court did not abuse its discretion in concluding that Charter Land filed an untimely appeal where it merely repeated arguments already advanced by other attempted intervenors after the class was unsuccessful at trial. While Charter Land insists that it acted diligently upon learning of the purported fee-sharing agreement, similarly situated prospective intervenors were able to file motions to intervene before the conclusion of the trial. The district court did not abuse its discretion in concluding that Charter Land offered no good reason for its delay and denying the motion.

## III.    Conclusion

We dismiss each appeal besides that of Charter Land for lack of jurisdiction. We affirm the district court's denial of Charter Land's motion to intervene as untimely.

_____